FILE COPY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

COMPAÑIA DEL BAJO CARONI (CAROMIN), C.A.
Calle Cuenca, Manzana 7, Campo B de Ferrominera
Quinta Analú, Puerto Ordaz, Estado Bolivar
Venezuela, and

V.M.C. MINING COMPANY, C.A.
Calle Cuenca, Manzana 7, Campo B de Ferrominera
Quinta Analú, Puerto Ordaz, Estado Bolivar
Venezuela,

Plaintiffs,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA
c/o Consulate General of Venezuela
7 East 51st Street
New York, New York 10022, and

MINISTRY OF BASIC INDUSTRIES AND MINES
c/o Consulate General of Venezuela
7 East 51st Street
New York, New York 10022,

Defendants.

------------------------------------------------------------------- X

Civil Action No.

07 CV 3179

JUDGE BUCHWALD

COMPLAINT


RECEIVED
APR 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, Compañia del Bajo Caroni, C.A. (CAROMIN), and V.M.C. Mining Company, C.A. (VMC), by their undersigned attorneys, for their complaint herein allege as follows:

## NATURE OF THE ACTION

1. This is an action for damages for Defendants' failure to pay a legally enforceable debt to Plaintiffs. It is brought by the former holders of concessions to operate diamond and gold mines in Venezuela. The concessions were prematurely

terminated and returned to Defendants in accordance with the provisions of an Administrative Order ("*Providencia Administrativa No. 3*") ("the Order") issued by the Venezuelan Ministry of Energy and Mines on December 2, 2003 (a true copy of which is attached hereto, along with a certified translation, as Exhibit 1). The Order was duly issued by the Director General of Mines, Ministry of Energy and Mines, the predecessor of Defendant Ministry of Basic Industries and Mines, acting as agent and instrumentality of, and on behalf of, Defendant Bolivarian Republic of Venezuela. According to the terms of the Order, Defendants are legally obligated to pay Plaintiffs for the early termination of their concessions.

2. The terms and conditions for the implementation of the Order were established, in compliance with Venezuelan law, through a written document signed by the Parties and dated December 17, 2003 ("the Terms and Conditions") (a true copy of which is attached hereto, along with a certified translation, as Exhibit 2). The Terms and Conditions and the Addendum were likewise signed by authorized officials of MEM.

3. Finally, Plaintiffs and MEM agreed on mechanisms for enforcement of the Order in the event of nonpayment through an Addendum, dated December 22, 2003 ("the Addendum") (a true copy of which is attached hereto, along with a certified translation, as Exhibit 3). The Addendum provides that Defendants questions concerning the timely payment of compensation thereunder, including the questions at issue in this case, are to be heard exclusively by courts in New York.

4. As provided in the procedures set forth in the Order and Terms and Conditions, a neutral third party, appointed by the parties, established the amounts of compensation due to Plaintiffs, which amounts were fixed, irrevocable, and non-

appealable. Yet Defendants each and together materially breached their express obligations by failing to pay compensation to Plaintiffs in the aggregate sum of $209,764,446, plus interest at the stipulated rate of 8.5% *per annum*, from April 21, 2004.

5. Accordingly, Plaintiffs seek: (a) an award of damages in the amounts contemplated by the Order, and (b) a judgment that Defendants Ministry of Basic Industries and Mines and the Bolivarian Republic of Venezuela are jointly and severally liable for the breach of their legal obligations to Plaintiffs.

## PARTIES

6. Plaintiff CAROMIN is a corporation organized under the laws of Venezuela. Until early 2002, CAROMIN was the owner of concessions to operate three diamond and gold mines located in Venezuela. These mines are commonly identified as Alfa 1, Alfa 2, and Alfa 3.

7. Plaintiff VMC is a corporation organized under the laws of Venezuela. Until early 2002, VMC was the owner of concessions to operate four diamond and gold mines located in Venezuela. These mines are commonly identified as Delta A, Delta B, Delta C, and Delta D. Plaintiffs CAROMIN and VMC are hereinafter referenced jointly as "the Companies."

8. Defendant Bolivarian Republic of Venezuela ("Venezuela") is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*.

9. Defendant Ministry of Basic Industries and Mines ("MIBAM") is the successor to the former Ministry of Energy and Mines ("MEM"). It is an agency or instrumentality of Venezuela, as defined by 28 U.S.C. § 1603(b). MIBAM is and MEM

was at all relevant times authorized to enter into contracts for the acquisition and/or redemption of property needed for public use, and to commit to payment of compensation to the owners of such property.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter by stipulation of the Parties and in accordance with the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(1). MEM, the predecessor of Defendant MIBAM, on its own behalf and on behalf of Defendant Venezuela as its principal, waived any sovereign immunity to which either might otherwise have been entitled, expressly consenting to the jurisdiction of this Court in any "action for the collection of monies" due under the Order. *See* the Addendum, Exhibit 3, Paragraphs Second and Third.

11. This Court is the proper venue for determination of this matter by express agreement of the Parties that any dispute concerning a failure to pay compensation required by the Order be submitted for judicial resolution in New York, New York, U.S.A. In particular, the Parties stipulated that "the courts of New York and/or the United States of America . . . shall only hear aspects related to the indemnity and/or timely payment, or . . . to the legal and/or financial consequences of the advanced redemption procedure." *See* Exhibit 3, Paragraph Third.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. For many years, the Companies operated the diamond and gold mines Alfa 1, Alfa 2, and Alfa 3, and Delta A, Delta B, Delta C, and Delta D, pursuant to concessions granted to them by MEM. In early 2002, MEM and Venezuela wished to obtain early redemption of the concessions, so that the mines could be put to other uses.

13. Defendants took over the diamond and gold mines Alfa 1, Alfa 2, Alfa 3, Delta A, Delta B, Delta C, and Delta D in or about February 2002. Defendants remain in possession and control of those properties and, on information and belief, have exploited them for public purposes of the Venezuelan state.

14. On December 2, 2003, as required by applicable Venezuelan law, the Ministry issued the Order, setting out the procedures to be followed to determine the amounts of compensation to be paid to Plaintiffs. Shortly thereafter, and as contemplated by the Order and the relevant Venezuelan statute (Organic Law on the Promotion of Private Investment under the Concessions Regime, of October 25, 1999, Article 53), representatives of the Companies met with representatives of MEM, as to establish the arrangements for implementation and enforcement of the Order.

15. The Order constitutes an irrevocable and legally binding commitment on behalf of Defendant MIBAM (as successor to MEM), and hence of Defendant Venezuela, to pay Plaintiffs compensation in fixed amounts, determined through the evaluation of the concessions by an independent expert appraiser. The Terms and Conditions set forth in writing in the form attached hereto as Exhibit 2 constituted agreed provisions for implementation of the Order.

16. On December 22, 2003, the Parties agreed to a methodology for enforcing the Order, which is set forth in the Addendum (attached hereto as Exhibit 3). The Addendum specifically addressed the payment of sums due to Plaintiffs under the Order, including the methods by which Plaintiffs could pursue collection exclusively in the courts of the United States (and of New York in particular) in the event that payment was not forthcoming within two years of receipt of the appraiser's report.

17. In accordance with the terms reflected in the Order and in the Terms and Conditions, Defendants designated a qualified appraisal company, ABECIR, C.A., which issued its report(s) on or about April 21, 2004. The appraiser assessed the compensation due to Plaintiffs as follows (true copies of the Executive Summaries of the two appraiser's reports, together with certified translations, are attached hereto as Exhibits 4 (CAROMIN) and 5 (VMC)):

| | |
|---|---|
| Alfa 1 | $43,352,543.00 |
| Alfa 2 | $18,747,141.50 |
| Alfa 3 | $ 3,653,588.50 |
| Delta A | $33,410,592.14 |
| Delta B | $47,235,664.85 |
| Delta C | $29,637,499.42 |
| Delta D | $33,727,416.73 |

The Order called for Defendants to pay the amounts assessed by the appraiser as compensation for the early redemption of the concessions.

18. Notwithstanding the obligations undertaken by Defendants in accordance with the terms and conditions of Exhibits 1, 2, and 3, and the report of the appraiser (*see* Exhibits 4 and 5), Defendants have failed to make the payments to Plaintiffs in the amounts owing under the Order, as set forth in ¶ 17 hereof.

19. Plaintiffs have taken all steps prerequisite to enforcement of the Order, which is binding on Defendants in accordance with its terms. Indeed, Defendants acknowledged the binding nature of their obligations under the Order and the Terms and Conditions, by initiating procedures for payment pursuant to Venezuelan law.

## FIRST CAUSE OF ACTION
### (Failure to Discharge Obligation/Damages Against MIBAM)

20. Plaintiffs repeat and reallege ¶¶ 1-19, *supra*, as if fully set out herein.

21. By their failure and/or inordinate delays in paying the compensation required under the Order, or arranging to have such payments made, MEM and MIBAM, its successor, materially breached the obligations imposed on it by the Order, which is definitive, final, and fully enforceable under Venezuelan law.

22. Plaintiffs have therefore suffered the loss of $65,753,273.00 for CAROMIN, and $144,011,173.14 for VMC, plus interest at the rate of 8.5% *per annum* plus court costs and attorneys' fees (as expressly provided in the Addendum), both as from April 21, 2004, the date on which payments were due pursuant to the Order.

## SECOND CAUSE OF ACTION
### (Failure to Discharge Obligation/Damages Against Venezuela)

23. Plaintiffs repeat and reallege ¶¶ 1-19, *supra*, as if fully set out herein.

24. In issuing the Order, and then agreeing to the Terms and Conditions and the Addendum, MEM was acting on behalf of, for the benefit of, and as the agent and instrumentality of the Republic of Venezuela.

25. Venezuela is bound by the Order as the principal of MEM, which operated with full authority in issuing it, as well as by the Terms and Conditions and the Addendum. Venezuela is therefore responsible as a matter of law for the failure of MEM and its successor, MIBAM, to pay Plaintiffs as required under the Order.

26. Venezuela has taken possession of the concessions which were the subject of the Order and has utilized those concessions for its purposes.

27. By its failure and/or inordinate delays in paying the agreed amounts, or arranging to have such payments made, Venezuela has materially breached the obligations imposed on it by the Order.

28. Plaintiffs have therefore suffered the loss of $65,753,273.00 for CAROMIN, and $144,011,173.14 for VMC, plus interest at the rate of 8.5% *per annum* plus court costs and attorneys' fees (as expressly provided in the Addendum), both as from April 21, 2004, the date on which payments were due pursuant to the Order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. As to the first cause of action, money judgments against MIBAM, jointly and severally with Venezuela, for compensatory damages in the following aggregate amounts:

    - for Plaintiff CAROMIN, $65,753,273.00
    - for Plaintiff VMC, $144,011,173.14

2. As to the second cause of action, money judgments against Venezuela, jointly and severally with MIBAM, of compensatory damages in the following aggregate amounts:

    - for Plaintiff CAROMIN, $65,753,273.00
    - for Plaintiff VMC, $144,011,173.14

3. On the judgments awarded for the First and Second Causes of Action, pre-judgment interest at the rate of 8.5% *per annum* from April 21, 2004, plus court costs and attorneys' fees (as expressly provided in the Addendum).

4. Such other and further relief as this Court deems to be just and proper.

Respectfully submitted,

GREENBERG TRAURIG, LLP
By:

*[signature: James W. Perkins]*

James W. Perkins
MetLife Building, 200 Park Avenue
New York, New York 10166
(212) 801-9200

Ronald W. Kleinman
Steven M. Schneebaum
800 Connecticut Avenue, N.W.
Washington, D.C. 20006
(202) 331-3100

*Attorneys for Plaintiffs*
*Compañia del Bajo Caroni (CAROMIN),*
*C.A; and V.M.C. Mining Company, C.A.*

Of counsel:

Erwin Gonzales
Colson Hicks Eidson
255 Aragon Avenue
Coral Gables, Florida 33134
(305) 476-7400

Dated: New York, New York
April 20, 2007