**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
Compañía del Bajo Caroní (Caromin), C.A., et al., *
                                                 *
                             Plaintiffs,         *
                                                 *
        v.                                       *     Case No. 07-CV-3179 (NRB)
                                                 *
Bolivarian Republic of Venezuela, et al.,        *
                                                 *
                             Defendants.         *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECLARACIÓN DE ORLANDO ORTEGANO

Yo, Orlando Ortegano, declaro y manifiesto lo siguiente:

1.  Soy ciudadano de la República Bolivariana de Venezuela, y resido en Caracas, Venezuela.

2.  De julio de 2003 a diciembre de 2004, desempeñé el cargo de Viceministro de Minas del Ministerio de Energía y Minas. En enero del 2005, el Ministerio donde yo trabajaba fue transformado en dos ministerios, el Ministerio de Industrias Básicas y Minería y el Ministerio de Energía y Petróleo (actualmente Ministerio del Poder Popular para la Energía y Petróleo). Actualmente, desempeño el cargo de Secretario Ejecutivo de la Comisión de Energía del Ministerio del Poder Popular para la Energía y Petróleo.

3.  El propósito de esta Declaración es proveer a la Corte información relacionada con el supuesto Addendum de fecha 19 de diciembre de 2003 ("Addendum") y explicar el proceso utilizado para recibir documentos dirigidos al Ministro de Energía y Minas durante el período relevante. Tengo conocimiento personal de la información manifestada en esta Declaración.

4.  En el proceso interno de control de documentos, utilizado en el Ministerio de Energía y Minas en esa época, cada documento que fue dirigido al Ministro de Energía y Minas que requería una

-2-

acción de su parte estaba acompañado por un Punto de Cuenta. En general, en mi condición de Viceministro, remitía el documento acompañado por el Punto de Cuenta al Ministro, el cual debía ser conformado anteriormente por el Director relevante al caso. El Punto de Cuenta seguía un formato establecido y contenía el resumen del asunto relevante, la acción esperada del Ministro y la justificación de la misma.

5. El Addendum esta fechado el 19 de diciembre de 2003. Si el supuesto Addendum hubiera sido firmado por el Ministro, de acuerdo con el procedimiento mencionado anteriormente, hubiera sido remitido por mi persona, especialmente porque era un documento que requería la firma del Ministro. Antes de ver el supuesto Addendum como un adjunto a la demanda, yo nunca había visto el supuesto Addendum ni ningún documento análogo al mismo. Tampoco he visto ningún Punto de Cuenta relacionado con lo mismo. Adicionalmente, las comunicaciones oficiales suscritas por el Ministro durante el periodo en cuestión, el diciembre del 2003, eran autenticadas con un sello seco y no un sello húmedo (lo cual aparece en el supuesto Addendum). Por lo tanto, no creo que el supuesto Addendum haya sido firmado por el Ministro.

6. Declaro bajo pena de perjurio bajo las leyes de la República Bolivariana de Venezuela y bajo las leyes de los Estados Unidos de América y en conformidad con 28 U.S.C. §1746 que lo anterior es verdadero y cierto.

Suscrito el 16 de julio de 2007 en la ciudad de Caracas, República Bolivariana de Venezuela.

_____
Orlando Ortegano

The LanguageWorks, Inc.
1123 Broadway
New York, NY 10010
Tel. 212 447 6060
Fax 212 447 6257

**LanguageWorks**

STATE OF NEW YORK    )
                     )   ss
COUNTY OF NEW YORK   )

## CERTIFICATION

This is to certify that the attached, to the best of my knowledge and belief, is a true and accurate translation into English of "Three (3) affidavits: Acosta, Ortegano, and Salas ," completed 07/17/2007, originally written in Spanish.

_Gina St. Laurent_
Senior Account Executive
The LanguageWorks, Inc.

Sworn to and subscribed before me,
This Seventeenth day of July, 2007.

_Chris Sullivan_
Notary Public

CHRIS SULLIVAN
Notary Public, State of New York
No. 01SU6146597
Qualified in Kings County
Commission Expires May 22, 2010

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Compañía del Bajo Caroni (Caromin) C.A., *et al*,<br>Plaintiffs<br><br>v.<br><br>Bolivarian Republic of Venezuela, *et al.*,<br>Defendants | Case No. 07-CV-3179 (NRB) |

## AFFIDAVIT BY ORLANDO ORTEGANO

I, Orlando Ortegano, declare and state as follows:

1. I am a citizen of the Bolivarian Republic of Venezuela, and I reside in Caracas, Venezuela.

2. Between July 2003 and December 2004, I held the position of Deputy Minister of Mines at the Ministry of Energy and Mines. In January 2005, the Ministry where I worked was converted into two ministries, the Ministry of Basic Industries and Mining, and the Ministry of Energy and Petroleum (now the Ministry of the People's Power for Energy and Petroleum). I currently hold the position of Executive Secretary of the Energy Commission at the Ministry of the People's Power for Energy and Petroleum.

3. The purpose of this Affidavit is to provide the Court with information relating to the alleged Addendum dated December 19, 2003 ("Addendum") and to explain the process used to receive documents sent to the Ministry of Energy and Mines during the period in question. I have personal knowledge of the information stated in this Affidavit.

4. Under the internal document control process used at the Ministry of Energy and Mines at that time, each document sent to the Minister of Energy and Mines which required an

-1-

action to be taken by him was accompanied by an Action Slip. In general, in my capacity as a Deputy Minister, I would send the document to the Minister accompanied by the Action Slip, which had to be agreed to in advance by the Director related to the matter. The Action Slip followed an established format and contained a summary of the relevant matter, the action requested of the Minister and the justification for it.

5. The Addendum is dated December 19, 2003. If the alleged Addendum had been signed by the Minister, in accordance with the procedure referred to previously, it would have been sent by me, especially because it was a document which required the Minister's signature. Before seeing the alleged Addendum as an attachment to the complaint, I had never seen the alleged Addendum or any document like it. I have also never seen any Action Slip relating to it. In addition, the official communications signed by the Minister during the period in question, December 2003, were authenticated by a dry seal and not a wet seal (which is what appears on the alleged Addendum). Therefore, I do not believe that the alleged Addendum was signed by the Minister.

6. I declare under penalty of perjury under the laws of the Bolivarian Republic of Venezuela and under the laws of the United States of America and pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Executed on July 16, 2007, in the city of Caracas, Bolivarian Republic of Venezuela.

[signature]
Orlando Ortegano