As filed with the U.S. Securities and Exchange Commission on January 27, 2004

Registration No. [●]

# U.S. SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## REGISTRATION STATEMENT
## UNDER
## SCHEDULE B
## OF
## THE SECURITIES ACT OF 1933

# BOLIVARIAN REPUBLIC OF VENEZUELA
(Name of Registrant)

Bernardo Alvarez Herrera
Ambassador of the Bolivarian Republic of Venezuela
Embassy of Venezuela
1099 30th Street, N.W.
Washington, D.C. 20007
(Name and address of authorized agent in the United States)

Mark H. Stumpf, Esq.
Neil M. Goodman, Esq.
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004

**Approximate date of commencement of proposed sale to the public:** From time to time after this registration statement becomes effective.

The securities being registered hereby are to be offered on a delayed or continuous basis pursuant to Release Nos. 33-6240 and 33-6424 under the Securities Act of 1933.

## CALCULATION OF REGISTRATION FEE

| Title of Each Class of Securities to Be Registered | Amount to Be Registered | Maximum Aggregate Proposed Offering Price Per Unit[1] | Proposed Maximum Aggregate Offering Price[1][2] | Amount of Registration Fee[3] |
|---|---|---|---|---|
| Debt Securities | $4,800,000,000 | 100% | $4,800,000,000 | $388,320 |

(1) Estimated solely for the purpose of calculating the registration fee.
(2) Excluding accrued interest, if any.
(3) This registration statement and the prospectus included herein relate to $500,000,000 aggregate principal amount of debt securities covered by the Registrant's Registration Statement No. 333-9186 filed on July 27, 1998. $147,500 of the total registration fee paid by the Registrant with Registration Statement No. 333-9186 and calculated in accordance with the fees then in effect has been applied to the registration fee to be paid with this registration statement pursuant to Rule 457 under the Securities Act of 1933. The remaining fee of $240,820 is being paid herewith for an aggregate principal amount of $4,800,000,000 of additional securities to be registered.

The Registrant hereby amends this registration statement on such date or dates as may be necessary to delay its effective date until the Registrant shall file a further amendment which specifically states that this registration statement shall thereafter become effective in accordance with Section 8(a) of the Securities Act of 1933 or until the registration statement shall become effective on such date as the Commission, acting pursuant to said Section 8(a), may determine.

**Explanatory Note**

Pursuant to the provisions of Rule 429 under the Securities Act of 1933, the prospectus contained herein also relates to debt securities having an aggregate principal amount of $500,000,000 or the equivalent thereof in one or more other currencies or currency units, registered under the Registrant's Registration Statement No. 333-9186 under Schedule B and not previously sold in the United States. In the event any previously registered debt securities are offered prior to the effective date of this registration statement, they will not be included in any prospectus hereunder.

In the event that Venezuela elects to offer securities on different terms or in a different manner from that specified in the prospectus herein, the securities may be offered from time to time pursuant to Release Nos. 33-6248 and 33-6424 under the Securities Act of 1933 as separate issues of securities on terms and in the manner to be specified in the separate prospectus supplements to be delivered in connection with each such offering and filed with the Securities and Exchange Commission pursuant to Rule 424(b).

i

EXHIBIT 2

EXECUTION COPY

**REGISTRATION RIGHTS AGREEMENT**

September 19, 2003

ABN AMRO Incorporated,
  55 East 52nd Street,
    New York, New York 10055.

Citigroup Global Markets Inc.,
  390 Greenwich Street, 4th Floor,
    New York, New York 10013.

Ladies and Gentlemen:

Bolivarian Republic of Venezuela (*"Venezuela"*) plans to sell to you, as lead managers (the *"Lead Managers"*), subject to the terms set forth in a subscription agreement, dated September 16, 2003 (the *"Subscription Agreement"*), U.S.$700,000,000 aggregate principal amount of its 10.75% Notes due 2013 (the *"Notes"*) relating to the initial placement of the Notes (the *"Initial Placement"*) for resale by the Lead Managers to (i) qualified institutional buyers (*"QIBs"*) (as defined in Rule 144A under the U.S. Securities Act of 1933, as amended (the *"Securities Act"*)), or (ii) persons located outside the United States in offshore transactions (within the meaning of Regulation S under the Securities Act), on the terms and subject to the conditions set forth in an offering circular, dated September 16, 2003 (as amended or supplemented, the *"Offering Circular"*). The transactions contemplated by the Subscription Agreement, including the issuance, sale and delivery of the Notes by Venezuela and the resale thereof by the Lead Managers is referred to in this Agreement as the *"Note Offering"*.

To induce the Lead Managers to enter into the Subscription Agreement and to satisfy a condition of your obligations thereunder, Venezuela agrees with you for your benefit and the benefit of the holders from time to time of the Notes (including the Lead Managers) (each a *"Holder"* and, together, the *"Holders"*), as follows:

1. Definitions. As used in this Agreement, the following capitalized defined terms shall have the following meanings:

   *"Additional Interest"* shall have the meaning set forth in Section 4(b) hereto.

   *"Affiliate"* of any specified Person shall mean any other Person that, directly or indirectly, is in control of, is controlled by, or is under common control with, such specified Person. For purposes of this definition, control of a Person shall mean the power, direct or indirect, to direct or cause the direction of the management and policies of such Person whether by contract or otherwise; and the terms *"controlling"* and *"controlled"* shall have meanings correlative to the foregoing.

18. Agent for Service; Submission to Jurisdiction; Waiver of Immunities. Consent to Jurisdiction. (a) Venezuela agrees that any suit, action or proceeding against it or its properties, assets or revenues with respect to this Agreement (a *"Related Proceeding"*) shall be brought exclusively in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York; in the High Court of Justice in London, England; or in the courts of Venezuela that sit in Caracas, as the person bringing such Related Proceeding may elect in its sole discretion, provided that if none of the courts specified above located in the country in which such person has elected to bring such Related Proceeding is a court that has jurisdiction of the subject matter or is otherwise competent under applicable law to hear and determine such proceeding, such Related Proceeding may be brought in such other court located in such country as shall have jurisdiction of the subject matter or be otherwise competent under applicable law to hear and determine such Related Proceeding, or if such Related Proceeding seeks relief or a judgment that is enforceable only against any of its properties, assets or revenues that are subject to the jurisdiction of any other court located in the countries listed above and is limited to the value of such properties, assets or revenues, such Related Proceeding may be brought in any such court (all such courts described in this sentence being called herein *"Specified Courts"*). Venezuela also agrees that any judgment obtained in any of the Specified Courts arising out of any Related Proceeding may be enforced or executed in any Specified Court or any other court of competent jurisdiction whatsoever, and any judgment obtained in any such other court as a result of such enforcement or execution may be enforced or executed in any such other court of competent jurisdiction (all such courts other than Specified Courts being called herein *"Other Courts"*), by means of a suit on the judgment or in any other manner provided by law. Venezuela hereby irrevocably submits to the exclusive jurisdiction of each of the Specified Courts for the purpose of any Related Proceeding and, solely for the purpose of enforcing or executing any judgment referred to in the preceding sentence (a *"Related Judgment"*), of each Specified Court and each Other Court. The agreement made by Venezuela in this Section 18(a) with respect to jurisdiction is made solely with respect to Related Proceedings and the enforcement or execution of Related Judgments and under no circumstances shall it be interpreted as a general agreement by the Venezuela with respect to proceedings unrelated to this Agreement.

(b) Venezuela agrees that service of all writs, process and summonses in any Related Proceeding or any suit, action or proceeding to enforce or execute any Related Judgment brought against it in the State of New York may be made upon the Consul General of Bolivarian Republic of Venezuela or, in his or her absence or incapacity, any official of the Consulate of Venezuela, presently located at 7 East 51st Street, New York, New York 10022, U.S.A., as its authorized agent (the *"New York Process Agent"*), and service of all writs, process and summonses in any Related Proceeding or any suit, action or proceeding to enforce or execute any Related Judgment brought against it in England may be made upon the person in charge of consular affairs at the Embassy of Bolivarian Republic of Venezuela, presently located at One Cromwell Road, London SW7 2HW, England (the *"London Process Agent"* and, together with the New York Process Agent, the *"Process Agents"*), and Venezuela irrevocably appoints each Process Agent as its agent to accept such service of any and all such writs, process and summonses, and agrees that the failure of any of the Process Agents to give any notice to it of any such service of process shall not impair or affect the validity of such service or of any

19

judgment based thereon. Venezuela agrees to maintain at all times an agent with offices in New York to act as its New York Process Agent, and an agent with offices in London to act as its London Process Agent as aforesaid (each such agent to be appointed by a power of attorney granted before a Venezuelan notary public and Venezuela hereby agrees that each such power of attorney shall provide that it may not be revoked unless an alternative agent for service of process with an office in New York or London, as the case may be, shall have been appointed and the Lead Managers shall have been given notice thereof). Nothing herein shall in any way be deemed to limit the ability to serve any such writs, process or summonses in any other manner permitted by applicable law.

(c) Venezuela irrevocably consents to and waives any objection which it may now or hereafter have to the laying of venue of any Related Proceeding brought in the Specified Courts or to the laying of venue of any suit, action or proceeding brought solely for the purpose of enforcing or executing any Related Judgment in the Specified Courts or Other Courts, and further irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any Related Proceeding or any such suit, action or proceeding in any such court.

(d) To the extent that Venezuela or any of its revenues, assets or properties shall be entitled, with respect to any Related Proceeding at any time brought against Venezuela or any of its revenues, assets or properties, or with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in the Specified Courts or in any jurisdiction in which any Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, Venezuela irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States) and consents generally for the purposes of the State Immunity Act of 1978 of the United Kingdom to the giving of any relief or the issue of any process in connection with any Related Proceeding or Related Judgment. In addition, to the extent that Venezuela or any of its revenues, assets or properties shall be entitled, in any jurisdiction, to any immunity from setoff, banker's lien or any similar right or remedy, and to the extent that there shall be attributed, in any jurisdiction, such an immunity, Venezuela hereby irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction with respect to any claim, suit, action, proceeding, right or remedy arising out of or in connection with the Agreement.

(e) The submission to jurisdiction and the waiver of immunity by Venezuela contained herein is for the exclusive benefit of you (and the persons entitled to indemnity referred to in Section 7 above) and shall not extend to any other persons.

If the foregoing is in accordance with your understanding of our agreement, please sign and return to us the enclosed duplicate hereof, whereupon this letter and your acceptance shall represent a binding agreement among Venezuela and the Lead Managers.

Very truly yours,

BOLIVARIAN REPUBLIC OF VENEZUELA

By: /s/ *Tobias N*óbrega Suarez
_____
Name: Tobias Nóbrega Suarez
Title: Minister of Finance of the Bolivarian Republic of Venezuela

Accepted as of the date
first set forth above:

ABN AMRO INCORPORATED

By: /s/ *John McCarthy*
_____
Name: John McCarthy
Title: Manager Director

CITIGROUP GLOBAL MARKETS INC.

By: /s/ *Luis C. N*únez
_____
Name: Luis C. Núnez
Title: Director

21