# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 18-K/A
For Foreign Governments and Political Subdivisions Thereof

AMENDMENT NO. 4
to
ANNUAL REPORT
of the

# BOLIVARIAN REPUBLIC OF VENEZUELA
(Name of Registrant)

Date of end of last fiscal year: December 31, 2003

**SECURITIES REGISTERED***
(As of the close of the fiscal year)

| Title of Issue | Amounts as to which registration is effective | Names of exchanges on which registered |
|---|---|---|
| N/A | N/A | N/A |

Name and address of person authorized to receive notices
and communications from the Securities and Exchange Commission:

**Bernardo Alvarez Herrera**
**Ambassador of the Bolivarian Republic of Venezuela**
**Embassy of Venezuela**
**1099 30th Street, N.W.**
**Washington, D.C. 20007**

---

\* The Registrant is filing this annual report on a voluntary basis.

**EXPLANATORY NOTE**

The sole purpose of this Amendment is to file with the Securities and Exchange Commission the Dealer Manager Agreement dated December 3, 2004, among the Bolivarian Republic of Venezuela, ABN AMRO Incorporated and Dresdner AG London Branch, included as Exhibit L hereof.

## SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this annual report to be signed on its behalf by the undersigned, thereunto duly authorized, in the city of Caracas, Venezuela on the 10th day of December, 2004.

                                  BOLIVARIAN REPUBLIC OF VENEZUELA

                                By: /s/ Nelson Merentes Díaz
                                      Nelson Merentes Díaz
                                      *Minister of Finance of the Bolivarian*
                                      *Republic of Venezuela*

# EXHIBIT INDEX

| Exhibit No. | | Page No. |
|---|---|---|
| A: | None. | |
| B: | None. | |
| C: | Copy of the 2003 Annual Budget of the Republic* | |
| D: | Current Description of the Republic* | |
| E: | Press Release dated September 27, 2004* | |
| F: | Press Release dated September 28, 2004* | |
| G: | Press Release dated October 6, 2004* | |
| H: | Dealer Managers Agreement dated September 22, 2004 among the Republic, Barclays Capital Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated* | |
| I: | Underwriting Agreement dated September 29, 2004 among the Republic, Barclays Capital Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated* | |
| J: | Amendment No. 2 to the Fiscal Agency Agreement, dated September 30, 2004 among the Republic, Banco Central de Venezuela and JP Morgan Chase Bank* | |
| K: | Letter of Transmittal related to the Prospectus Supplement dated September 22, 2004 to the Prospectus dated September 21, 2004* | |
| L: | Dealer Manager Agreement dated December 3, 2004 among the Bolivarian Republic of Venezuela, ABN AMRO Incorporated and Dresdner AG London Branch | |

* Previously filed

EXECUTION VERSION

**Bolivarian Republic of Venezuela**

**9.375% Global Bonds due 2034**

*Dealer Manager Agreement*

December 3, 2004

ABN AMRO Incorporated
55 East 52nd Street
New York, New York 10025

Dresdner Bank AG London Branch
Riverbank House 2 Swan Lane
London EC4R 3UX

Ladies and Gentlemen:

The Bolivarian Republic of Venezuela (the "Republic") proposes, subject to the terms and conditions stated herein, to offer to Venezuelan investors (the "Offering") US$500,000,000 principal amount of the 9.375% Global Bonds due 2034 of the Republic (the "Securities"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Prospectus Supplement (as defined in Section 2(a)). The Securities will constitute a further issuance of, have the same terms and conditions as, and form a single series and be fully fungible with the Republic's U.S.$1,000,000,000 principal amount of 9.375% Global Bonds due 2034 issued on January 14, 2004.

1. Appointment as Dealer Managers. The Republic hereby appoints you as exclusive dealer managers (the "Dealer Managers") for the Offering, and authorizes you to act as such on its behalf, in connection with this agreement (the "Agreement") and the Offering. You agree, in accordance with your customary procedures, to perform those services in connection with the Offering as are customarily performed by investment banks in connection with offerings of a like nature, including communicating with brokers, dealers, commercial banks and trust companies and other Venezuelan investors with respect to the Offering. In addition, the Dealer Managers have advised the Republic that they intend to use reasonable efforts to make a market in the Securities provided that it is understood that, if they commence market-making activities in respect of the Securities, they may discontinue such activities at any time.

2. Representations and Warranties of the Republic. The Republic represents and warrants to, and agrees with, the Dealer Managers that:

(a) The Republic meets the requirements for use of Schedule B under the Securities Act of 1933, as amended (the "Act"), is a *"seasoned"* foreign government issuer within the meaning of Commission Release No. 33-6424 and has filed with the Securities and Exchange Commission (the "Commission") a registration statement on Schedule B (File No. 333-112250) relating to the Securities; such registration statement and any post-effective amendment thereto, in the form heretofore delivered to you or your counsel, have been declared effective by the Commission in such form; no other document with respect to such registration statement has heretofore been filed with the Commission (other than the documents incorporated therein by reference and the

acquire or have any right under or by virtue of this Agreement. No purchaser of any of the Securities shall be deemed a successor or assign by reason merely of such purchase.

12. Jurisdiction.

    (a) The Republic agrees that any suit, action or proceeding against it or its properties, assets or revenues with respect to this Agreement (a "Related Proceeding") shall be brought exclusively in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York; in the High Court of Justice in London, England; or in the courts of Venezuela that sit in Caracas, as the person bringing such Related Proceeding may elect in its sole discretion, provided that if none of the courts specified above located in the country in which such person has elected to bring such Related Proceeding is a court that has jurisdiction of the subject matter or is otherwise competent under applicable law to hear and determine such proceeding, such Related Proceeding may be brought in such other court located in such country as shall have jurisdiction of the subject matter or be otherwise competent under applicable law to hear and determine such Related Proceeding, or if such Related Proceeding seeks relief or a judgment that is enforceable only against any of its properties, assets or revenues that are subject to the jurisdiction of any other court located in the countries listed above and is limited to the value of such properties, assets or revenues, such Related Proceeding may be brought in any such court (all such courts described in this sentence being called herein "Specified Courts"). The Republic also agrees that any judgment obtained in any of the Specified Courts arising out of any Related Proceeding may be enforced or executed in any Specified Court or any other court of competent jurisdiction whatsoever, and any judgment obtained in any such other court as a result of such enforcement or execution may be enforced or executed in any such other court of competent jurisdiction (all such courts other than Specified Courts being called herein "Other Courts"), by means of a suit on the judgment or in any other manner provided by law. The Republic hereby irrevocably submits to the exclusive jurisdiction of each of the Specified Courts for the purpose of any Related Proceeding and, solely for the purpose of enforcing or executing any judgment referred to in the preceding sentence (a "Related Judgment"), of each Specified Court and each Other Court. The agreement made by the Republic in this Section 12(a) with respect to jurisdiction is made solely with respect to Related Proceedings and the enforcement or execution of Related Judgments and under no circumstances shall it be interpreted as a general agreement by the Republic with respect to proceedings unrelated to this Agreement.

    (b) The Republic agrees that service of all writs, process and summonses in any Related Proceeding or any suit, action or proceeding to enforce or execute any Related Judgment brought against it in the State of New York may be made upon the Consul General of the Republic of Venezuela or, in his or her absence or incapacity, any official of the Consulate of Venezuela, presently located at 7 East 51st Street, New York, New York 10022, U.S.A., as its authorized agent (the "New York Process Agent"), and service of all writs, process and summonses in any Related Proceeding or any suit, action or proceeding to enforce or execute any Related Judgment brought against it in England may be made upon the person in charge of consular affairs at the Embassy of the Republic of Venezuela, presently located at One Cromwell Road, London SW7 2HW, England (the "London Process Agent" and, together with the New York Process Agent, the "Process Agents"), and the Republic appoints each Process Agent as its agent to accept such service of any and all such writs, process and summonses, and agrees that the failure of any of the Process Agents to give any notice to it of any such service of

-15-

process shall not impair or affect the validity of such service or of any judgment based thereon. The Republic agrees to maintain at all times an agent with offices in New York to act as its New York Process Agent, and an agent with offices in London to act as its London Process Agent as aforesaid (each such agent to be appointed by a power of attorney hereto granted before a Venezuelan notary public) and the Republic hereby agrees that such <u>power of attorney</u> shall provide that it may not be revoked unless an alternative agent for service of process with an office in New York or London, as the case may be, shall have been appointed and the Dealer Managers shall have been given notice thereof). Nothing herein shall in any way be deemed to limit the ability to serve any such writs, process or summonses in any other manner permitted by applicable law.

(c) The Republic irrevocably consents to and waives any objection which it may now or hereafter have to the laying of venue of any Related Proceeding brought in any of the Specified Courts or to the laying of venue of any suit, action or proceeding brought solely for the purpose of enforcing or executing any Related Judgment in any of the Specified Courts or Other Courts, and further irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any Related Proceeding or any such suit, action or proceeding in any such court.

(d) To the extent that the Republic or any of its revenues, assets or properties shall be entitled, with respect to any Related Proceeding at any time brought against the Republic or any of its revenues, assets or properties in any jurisdiction in which any Specified Court is located, or with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in any jurisdiction in which any Specified Court or Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, the Republic irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States) and consents generally for the purposes of the State Immunity Act of 1978 of the United Kingdom to the giving of any relief or the issue of any process in connection with any Related Proceeding or Related Judgment, provided that such agreement and waiver, insofar as it relates to any jurisdiction other than a jurisdiction in which a Specified Court is located, is given solely for the purpose of enabling the Dealer Managers to enforce or execute a Related Judgment. In addition, to the extent that the Republic or any of its revenues, assets or properties shall be entitled, in any jurisdiction, to any immunity from setoff, banker's lien or any similar right or remedy, and to the extent that there shall be attributed, in any jurisdiction, such an immunity, the Republic hereby irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction with respect to any claim, suit, action, proceeding, right or remedy arising out of or in connection with this Agreement.

Notwithstanding the foregoing, it is understood that the Republic and its properties located within Venezuela have immunity from setoff, attachment prior to judgment or in aid of execution, as provided by the laws of the Republic.

(e) If for the purpose of obtaining judgment in any court it is necessary to convert a sum due hereunder to the Dealer Managers in one currency into another

-16-

currency, the parties hereto agree, to the fullest extent that they may effectively do so, that the rate of exchange used shall be that at which in accordance with normal banking procedures the Dealer Managers could purchase the first currency with such other currency in the city which is the principal financial center of the country of issue of the first currency on the day two business days preceding the day on which final judgment is given.

(f) The obligation of the Republic in respect of any sum payable by it to the Dealer Managers hereunder shall, notwithstanding any judgment in a currency (the "judgment currency") other than that in which such sum is denominated in accordance with the applicable provisions of this Agreement (the "Agreement Currency"), be discharged only to the extent that on the business day following receipt by the Dealer Managers of any sum adjudged to be so due in the judgment currency, the Dealer Managers may in accordance with normal banking procedures purchase the Agreement Currency with the judgment currency; if the amount of the Agreement Currency so purchased is less than the sum originally due in the Agreement Currency the Republic agrees, as a separate obligation and notwithstanding any such judgment, to indemnify the Dealer Managers against such loss, and if the amount of the Agreement Currency so purchased exceeds the sum originally due to the Dealer Managers, the Dealer Managers agree to remit to the Republic such excess, provided that the Dealer Managers shall have no obligation to remit any such excess as long as the Republic shall have failed to pay the Dealer Managers any obligations due and payable under this Agreement, in which case such excess may be applied to such obligations of the Republic hereunder in accordance with the terms of this Agreement.

13. Time of Essence. Time shall be of the essence of this Agreement. As used herein, the term *"business day"* shall mean any day when the Commission's office in Washington, D.C. is open for business.

14. **Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.**

15. Counterparts. This Agreement may be executed by any one or more of the parties hereto in any number of counterparts, each of which shall be deemed to be an original, but all such respective counterparts shall together constitute one and the same instrument.

16. Right to Conduct Offering. For the avoidance of doubt, if the Offering is not consummated in the manner contemplated in this Agreement because the Dealer Managers do not deem satisfied or waive the conditions set forth in Section 6(g) or Section 6(j) hereof, the Republic shall not be prohibited from conducting the Offering on its own or with the assistance of other dealer managers in the future and it shall not be required to pay any compensation to the Dealer Managers in respect of such Offering pursuant to Section 7 hereof.

-17-

If the foregoing is in accordance with your understanding, please sign and return to us five counterparts hereof, and upon the acceptance hereof by you this letter and such acceptance hereof shall constitute a binding agreement between the Dealer Managers and the Republic.

Very truly yours,