As filed with the U.S. Securities and Exchange Commission on September 21, 2004

Registration No. 333-112250

## U.S. SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

POST-EFFECTIVE
AMENDMENT NO. 1
TO
REGISTRATION STATEMENT
UNDER
SCHEDULE B
OF
THE SECURITIES ACT OF 1933

# BOLIVARIAN REPUBLIC OF VENEZUELA
(Name of Registrant)

Bernardo Alvarez Herrera
**Ambassador of the Bolivarian Republic of Venezuela**
**Embassy of Venezuela**
1099 30th Street, N.W.
Washington, D.C. 20007
(Name and address of authorized agent in the United States)

It is requested that copies of notices and communications
from the Securities and Exchange Commission be sent to:

Mark H. Stumpf, Esq.
Neil M. Goodman, Esq.
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C. 20004

**Approximate date of commencement of proposed sale to the public:** From time to time after this registration statement becomes effective.

The securities being registered hereby are to be offered on a delayed or continuous basis pursuant to Release Nos. 33-6240 and 33-6424 under the Securities Act of 1933.

The Registrant hereby amends this registration statement on such date or dates as may be necessary to delay its effective date until the Registrant shall file a further amendment which specifically states that this registration statement shall thereafter become effective in accordance with Section 8(a) of the Securities Act of 1933 or until the registration statement shall become effective on such date as the Commission, acting pursuant to said Section 8(a), may determine.

FISCAL AGENCY AGREEMENT

Among

THE REPUBLIC OF VENEZUELA

BANCO CENTRAL DE VENEZUELA

and

THE CHASE MANHATTAN BANK
*Fiscal Agent*

———————————

*Dated as of August 6, 1998*

———————————

DEBT SECURITIES

      Attention: Director de Credito Publico
      Telecopier: (582) 802-1893
      Telephone: (582) 802-1887

with a copy to

      Banco Central de Venezuela
      Esquina de Carmelitas
      Avenida Urdaneta
      Caracas 1010
      Venezuela
      Attention: Vice President of International Operations
      Telecopier: (582) 837-373
      Telephone: (582) 801-5352/801-5347/801-5088

The foregoing addresses for notices or communications may be changed by written notice given by the addressee to each party hereto, and the addressee's address shall be deemed changed for all purposes from and after the giving of such notice.

If the Fiscal Agent shall receive any notice or demand addressed to the Issuer by the holder of a Security, the Fiscal Agent shall promptly forward such notice or demand to the Issuer.

Notice to holders of Securities of a Series shall be given as provided in the terms of the Securities of such Series, <u>provided, however</u>, if the Fiscal Agent is requested to give notice in the name and at the expense of Venezuela it shall receive notice from Venezuela at least 15 days prior to the last date for notice to the holders.

14. <u>Waiver of Immunity; Consent to Jurisdiction; Consent to Service; Proceedings in Venezuela</u>.

(a) The Issuer agrees that any suit, action or proceeding against it or its properties, assets or revenues with respect to this Agreement, any Security or a coupon appertaining thereto (a *"Related Proceeding"*) shall be brought exclusively in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York; in the courts of England that sit in London; or in the courts of Venezuela that sit in Caracas, as the person bringing such Related Proceeding may elect in its sole discretion, provided that if none of the courts specified above located in the country in which such person has elected to bring such Related Proceeding is a court that has jurisdiction of the subject matter or is otherwise competent under applicable law to hear and determine such proceeding, such Related Proceeding may be brought in such other court located in such country as shall have jurisdiction of the subject matter or be otherwise competent under applicable law to hear and determine such Related Proceeding, or if such Related Proceeding seeks relief or a judgment that is enforceable only against any of its properties, assets or revenues that are subject to the jurisdiction of any other court located in the countries listed above and is limited to the value of such properties, assets or revenues,

-27-

any of its revenues, assets or properties in any jurisdiction in which any Specified Court is located, or with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in any jurisdiction in which any Specified Court or Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States) and consents generally for the purposes of the State Immunity Act of 1978 of the United Kingdom to the giving of any relief or the issue of any process in connection with any Related Proceeding or Related Judgment, provided that such agreement and waiver, insofar as it relates to any jurisdiction other than a jurisdiction in which a Specified Court is located, is given solely for the purpose of enabling the Fiscal Agent, any Paying Agent or any holder to enforce or execute a Related Judgment. In addition, to the extent that the Issuer or any of its revenues, assets or properties shall be entitled, in any jurisdiction, to any immunity from set-off, banker's lien or any similar right or remedy, and to the extent that there shall be attributed, in any jurisdiction, such an immunity, the Issuer hereby irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction with respect to any claim, suit, action, proceeding, right or remedy arising out of or in connection with this Agreement, any Security or a coupon appertaining thereto.

15. <u>Conversion of Currency</u>.

The Issuer agrees that, if a judgment or order given or made by any Specified Court or Other Court for the payment of any amount in respect of any Security is expressed in a currency (the *"judgment currency"*) other than the currency in which such Security is denominated (the *"denomination currency"*), the Issuer will pay any deficiency arising or resulting from any variation in rates of exchange between the date as of which the amount in the denomination currency is notionally converted into the amount in the judgment currency for the purposes of such judgment or order and the date of actual payment thereof. This obligation will constitute a separate and independent obligation from the other obligations under the Securities, will give rise to a separate and independent cause of action, will apply irrespective of any waiver or extension granted from time to time and will continue in full force and effect notwithstanding any judgment or order for a liquidated sum or sums in respect of amounts due in respect of the relevant Security or under any such judgment or order. The term *"rates of exchange"* shall include any premiums and costs of exchange payable in connection with the purchase of or conversion into the denomination currency.

16. <u>Headings</u>.

The section headings herein are for convenience only and shall not affect the construction hereof.

17. <u>Counterparts</u>.

This Agreement may be executed in any number of counterparts, each of which, when