

REPUBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE ENERGIA Y MINAS
DIRECCIÓN GENERAL DE MINAS

MEMORANDUM:
FECHA: S/F
NUMERO: S/N



**PARA:** Dra. JULIA VAN DER BRULE
Asistente Ejecutivo del Despacho del Ministro

**DE:** ING. FRANCISCO SALAS BLANCO
Director General de Minas

**ASUNTO:** Resumen Ejecutivo

Tengo a bien dirigirme a usted, en atención a lo conversado telefónicamente, en la oportunidad de remitirle una síntesis del caso referido al procedimiento de rescate anticipado de las concesiones denominadas DELTA A, DELTA B, DELTA C, DELTA D, ALFA 1, ALFA 2 y ALFA 3, ubicadas en el área de influencia del Proyecto Hidroeléctrico Tocoma en el Estado Bolívar.

En atención a lo anterior le comunico lo siguiente:

A) En fecha 03 de noviembre de 2003 el representante legal de las empresas V.M.C Mining Company, C.A. y Compañía Minera del Bajo Caroní, C.A. (CAROMIN, C.A.), titulares de las concesiones de explotación de oro y diamantes de aluvión denominadas DELTA A, DELTA B, DELTA C, DELTA D, ALFA 1, ALFA 2 y ALFA 3, respectivamente; solicitó la revisión de la Providencia Administrativa No. 001 de fecha 07 de marzo de 2003; en tal sentido, tomando en cuenta que los concesionarios han obtenido decisiones judiciales a su favor que acordaron la paralización de los trabajos de construcción de la Central Hidroeléctrica TOCOMA ubicada en el Estado Bolívar, por cuanto, se han destinado importantes recursos en esta obra de interés nacional; por cuanto el Estado Venezolano requiere solicitar

fondos adicionales por ante organismos internacionales, el Ministro giró las instrucciones del caso y, en fecha 02 de diciembre de 2003, se dictó la Providencia Administrativa No. 003, mediante la cual se acordó la procedencia de la declaratoria del rescate anticipado por causas de utilidad pública de las concesiones anteriormente mencionadas, con fundamento en los artículos 1 de la Ley de Minas, 4, 53 y 61 de la Ley Orgánica sobre Promoción de la Inversión Privada bajo el Régimen de Concesiones.

B) En el día de hoy, 17 de diciembre de 2003, nos reunimos en el Despacho de esta Dirección General, con la representación legal de las empresas concesionarias, luego de un período de negociaciones, se suscribió el Pliego de Condiciones, según lo previsto en el artículo 53 de la Ley Orgánica sobre Promoción de la Inversión Privada bajo el Régimen de Concesiones.

Debo destacar que en la reunión estuvieron presentes por parte del Ministerio la Directora de Concesiones Mineras, el Jefe de la División de Tramitaciones Mineras y un abogado en representación de la Consultoría Jurídica.

C) En efecto, el día de hoy, se acordó que el monto de la indemnización consecuencia del procedimiento administrativo de rescate anticipado, será determinado por un perito avaluador, constituyéndose así de esta forma una garantía que permite excluir la voluntad arbitraria y mantener una actitud neutral en el presente proceso.

Con base a las consideraciones anteriormente señaladas, le remito un documento presentado por la representación legal de las empresas concesionarias, el cual contiene aspectos de las negociaciones que no fueron incluidos en el Pliego de Condiciones suscrito. La suscripción de este documento complementario, es de la competencia exclusiva del Ministro, como funcionario superior jerárquico del Ministerio, de conformidad con lo previsto en la Constitución Nacional y la Ley Orgánica de la Administración Publica.

2

El documento en cuestión establece que los honorarios del perito deben ser cancelados por el Ministerio de Energía y Minas, sin embargo, se sugiere que los honorarios deben ser costeados por ambas partes en un 50%.

Además, solicitan los concesionarios la renuncia de la jurisdicción por parte del gobierno de Venezuela por intermedio del Ministerio de Energía y Minas; al respecto, cabe señalar, que los particulares solicitan que las disputas originadas con ocasión de la falta de pago por parte del Estado Venezolano sea concedido a la jurisdicción de los tribunales de los Estados Unidos.

Con respecto a lo anterior, se recomienda restringir la posibilidad de intentar demandas en el extranjero a los tribunales de Nueva York, en este mismo orden de ideas, si bien es cierto que el representante legal de los concesionarios señala la posibilidad de embargar bienes y activos de la República Bolivariana de Venezuela en el extranjero, no es menos cierto, que el Estado en salvaguarda de sus intereses patrimoniales debe incluir una fórmula según la cual no puedan ser atacados estos bienes dentro del territorio nacional; y además, que se respeten las decisiones contenidas en los actos administrativos anteriormente mencionados.

Por razones de eficacia y oportunidad el arbitraje internacional no debe ser considerado en este caso.

Atentamente,

**FRANCISCO SALAS**
Director General de Minas (E)

**Anexos:**
Recurso de revisión del concesionario.
Providencia Administrativa No. 003.
Pliego de Condiciones.
Documento Complemetario al Pliego de Condiciones

3

[Letterhead:]
# MEM
BOLIVARIAN REPUBLIC OF VENEZUELA
MINISTRY OF ENERGY AND MINES
OFFICE OF THE DIRECTOR GENERAL OF MINES

MEMORANDUM:
DATE: N/D
NUMBER: N/N

TO: Dr. JULIA VÁN DER BRULE
Executive Assistant of the Minister's Office

FROM: **Eng. FRANCISCO SALAS BLANCO**
Director General of Mines

RE: Executive Summary

I am pleased to be writing to you, further to what was discussed over the telephone, to forward a summary of the case having to do with the early redemption of the concessions known as DELTA A, DELTA B, DELTA C, DELTA D, ALFA 1, ALFA 2, and ALFA 3, located in the area of influence of the Tocoma Hydroelectric Project in the State of Bolívar.

In connection with the above, please be advised that:

A) On November 3, 2003, the legal representative of the companies V.M.C. Mining Company, C.A., and Compañía Minera del Bajo Caroní, C.A. (CAROMIN, C.A.), the holders of the concessions for the exploitation of alluvial gold and diamond [deposits] known as DELTA A, DELTA B, DELTA C, DELTA D, ALFA 1, ALFA 2, and ALFA 3, respectively, requested a review of Administrative Order No. 001 of March 7, 2003; in that regard, and taking into account that the concession holders have obtained court decisions in their favor ordering the halting of the construction of the TOCOMA Hydroelectric Plant, located in the State of Bolívar; [and] whereas significant resources

have been earmarked for this work of national interest; [and] whereas the Venezuela government needs to apply for additional funds to international bodies, the minister issued the pertinent instructions and, on December 2, 2003, Administrative Order No. 003 was issued, ordering the declaration of early redemption of the aforementioned concessions on the grounds of public usefulness, based upon Article 1 of the Mining Act, and Articles 4, 53, and 61 of the Organic Law on the Promotion of Private Investment through Concessions.

B) On this day, December 17, 2003, we met at the office of the Director General with the legal representative of the concession-holding companies; after a period of negotiations, the General Conditions were signed, as contemplated in Article 53 of the Organic Law on the Promotion of Private Investment through Concessions.

I must underscore that present at the meeting were: for the Ministry, the director of mining concessions, the head of the mining processing division, and a lawyer representing the Legal Department.

C) Indeed, it was agreed today that the amount of the indemnity resulting from the administrative procedure of early redemption shall be determined by an expert appraiser, thereby establishing a guarantee making it possible to exclude arbitrariness and maintain a neutral attitude in the present proceeding.

On the basis of the foregoing considerations, I am sending you a document submitted by the legal representative of the concession-holding companies which contains aspects of the negotiations that were not included in the General Conditions that were signed. The signing of this complementary document is incumbent exclusively upon the minister, in his capacity as the Ministry's as highest hierarchical official, as contemplated in the National Constitution and the Public Administration Organic Law.

The document in question establishes that the expert's fees are to by paid by the Ministry of Energy and Mines; however, it is suggested that the fees be borne by both parties at the rate of 50% [each].

In addition, the concession holders ask for a waiver of jurisdiction on the part of the government of Venezuela through the Ministry of Energy and Mines; it should be pointed out in connection with this that the parties in this particular case are asking that any disputes arising of the failure of the Venezuela government to pay be turned over to the jurisdiction of the courts of the United States.

With respect to the above, it is recommended that the possibility to attempt lawsuits abroad be restricted to the courts of New York; along these same lines, although it is true that the legal representative of the concession holders points to the possibility of attaching property and assets of the Bolivarian Republic of Venezuela abroad, it is no less true that the government, in order to protect its property interests, must include a formula under which these assets may not be attacked within the national territory, and, moreover, that the decisions contained in the aforementioned administrative acts be respected.

For reasons of efficacy and opportunity, international arbitration should not be considered in this case.

Sincerely,

[Illegible signature]
FRANCISCO SALAS
Director General of Mines {E}

Enclosures:
The concession holder's petition to review
Administrative Order No.003
General Conditions
Complementary Document to the General Conditions

# LOPEZ AND DURAN
**Interpreting and Translating**
420 South Dixie Highway, Suite 2L
Coral Gables, Florida 33146
Tele: (305)461-4699 * Fax: (305)461-4799

CERTIFICATE OF ACCURACY

STATE OF FLORIDA )
                 ) SS.
COUNTY OF DADE   )

Before me, a notary public in and for the State of Florida at large, appears Nelson Duran, Ph.D., who is personally known to me, a certified court interpreter, qualified by the Administrative office of the United States Courts, for and on behalf of Lopez and Duran Interpreting and Translating, who, after being duly sworn, deposes and says that he is fully versed in the Spanish and the English languages, and that the aforegoing is a true and correct translation of the attached document consisting of ___three___ pages, and that this is the last of the attached.

_____
Nelson Duran, Ph.D.

Sworn to and subscribed this __10th__ day of __October__, 200_7_.

_____
MARLEN ABASCAL
Notary Public,
State of Florida at Large

My commission expires:



MARLEN ABASCAL
MY COMMISSION # DD 342829
EXPIRES: August 2, 2008
Bonded Thru Notary Public Underwriters

The utmost care has been taken to ensure the accuracy of all translations. Lopez and Duran Interpreting and Translating and its employees shall not be liable for any damages due to negligence or error in typing or translation.