GREENBERG TRAURIG, LLP
James W. Perkins (JWP-6684)
200 Park Avenue
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400
perkinsj@gtlaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
COMPAÑIA DEL BAJO CARONI (CAROMIN), C.A.,      : ECF CASE
Calle Cuenca, Manzana 7, Campo B de Ferrominera :
Quinta Analú, Puerto Ordaz, Estado Bolivar Venezuela, :
and                                             : Civil Action No. 07 CV 3179 (NRB)
:
V.M.C. MINING COMPANY, C.A.,                    :
Calle Cuenca, Manzana 7, Campo B de Ferrominera : **DECLARATION OF**
Quinta Analú, Puerto Ordaz, Estado Bolivar Venezuela, : **JAMES W. PERKINS**
                                                : **IN OPPOSITION TO**
                Plaintiffs,                     : **DEFENDANTS' MOTION**
                                                : **TO DISMISS THE COMPLAINT**
        - against -                             :
:
BOLIVARIAN REPUBLIC OF VENEZUELA,               :
c/o Consulate General of Venezuela              :
7 East 51st Street                              :
New York, New York 10022, and                   :
:
MINISTRY OF BASIC INDUSTRIES AND MINES          :
c/o Consulate General of Venezuela              :
7 East 51st Street                              :
New York, New York 10022,                       :
:
                Defendants.                     :
:
------------------------------------------------------------------ x

JAMES W. PERKINS, an attorney duly-admitted to practice law, declares:

1.      I am a member of the bar of this Court and a Shareholder of the firm of Greenberg

Traurig, LLP, counsel to Plaintiffs Compañia Del Bajo Caroni (Caromin) and V.M.C. Mining

Company, C.A., (together "Plaintiffs") in the above-captioned matter. I make this declaration in

opposition to Defendants' motion to dismiss the complaint. The facts set forth below are stated on my personal knowledge, based on information I obtained from a review of the case file and publicly available records.

2.  A principal point of Defendants in support of their motion is the assertion that government of Venezuela does not waive its sovereign immunity to permit the adjudication of disputes in foreign forums. They contend that the Addendum "*defies* common sense, because it requires the reader to believe that Venezuela's Minister of Energy and Mines -- a close and trusted colleague of President Hugo Chavez to whom he is directly accountable--voluntarily and (for all practical purposes) gratuitously, not only renounced Venezuela's sovereign immunity but expressly submitted its sovereign actions within its own territory to review and judgment by the courts of (of all places) the *United States*!" (Def. Brief at 13.) Contrary to Defendants' contention, there are, in fact, numerous publicly reported instances where Venezuela has waived its sovereign immunity and agreed to submit to jurisdiction in the United States, New York, in particular, and below is a sampling of those instances.

3.  Attached hereto as Exhibit A is a true and correct copy of an excerpt of Exhibit 10.23 to the Annual Report (form 10-K) of PDV America, Inc. filed with the United States Securities and Exchange Commission ("SEC") on March 30, 2000. The Exhibit is a Promissory Note given by PDVSA Finance, Ltd., a subsidiary of Petróleos de Venezuela, S.A., the Venezuelan state-owned petroleum company, in which it "**agrees that any legal action or proceeding relating to [the] Note may be brought in the federal courts of the United States for the Southern District of New York (and the appeal thereto), and if they cannot or will not hear such action, then in the state courts of the County and State of New York (and the courts of appeal thereto), waives any claim that such proceeding has been brought in an**

2

**inconvenient forum and irrevocably submits to an accepts the nonexclusive jurisdiction of such courts in any such proceeding.**" *Id.* at ¶ 8.2. The full document can be found at http://www.sec.gov.

4. Attached hereto as Exhibit B is a true and correct copy of an excerpt of the Prospectus Supplement to Prospectus Dated February 11, 2004 filed by the Bolivarian Republic of Venezuela with the SEC on February 11, 2004 in connection with a note exchange offer. In this document, Venezuela agreed "**that any suit, action or proceeding against it or its properties, assets or revenue with respect to the Exchange Notes…shall be brought exclusively in the courts of England that sit in London; in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York**; or in the courts of the Republic that sit in Caracas, as the [plaintiff] may elect in its sole discretion…." *Id.* at S-32. The full document can be found at http://www.sec.gov.

5. Attached hereto as Exhibit C is a true and correct copy of Exhibit 99.H to the Amendment No. 3 to the Annual Report of a Foreign Government or Political Subdivision (form 18-K/A) filed by the Bolivarian Republic of Venezuela with the SEC on October 8, 2004. The Exhibit is a Dealer Managers Agreement in which **Venezuela consented to suit exclusively in either the New York State Supreme Court, New York, the United States District Court for the Southern District of New York**, the courts of England that sit in London, or in the courts of Venezuela that sit in Caracas, at the plaintiff's election, and "irrevocably submit[ted] to the exclusive jurisdiction of each of the Specified Courts…." *Id.* at ¶ 13. The full document can be found at http://www.sec.gov.

6. Attached hereto as Exhibit D is a true and correct copy of an excerpt of Exhibit 99.2 to the Registration Statement for Securities of a Foreign Government or Political Subdivision filed by the Bolivarian Republic of Venezuela with the SEC on January 27, 2004. The Exhibit is a Registration Rights Agreement in which Venezuela waived its immunity pursuant to the Foreign Sovereign Immunities Act and **consented to suit exclusively in either the New York State Supreme Court, New York, the United States District Court for the Southern District of New York**, the courts of England that sit in London, or in the courts of Venezuela that sit in Caracas, at the plaintiff's election. *Id.* at ¶ 18. The full document can be found at http://www.sec.gov.

7. Attached hereto as Exhibit E is a true and correct copy of an excerpt of Exhibit 99.L to the Amendment No. 4 to the Annual Report of a Foreign Government or Political Subdivision (form 18-K/A) filed by the Bolivarian Republic of Venezuela with the SEC on December 10, 2004. The Exhibit is a Dealer Manager Agreement in which Venezuela waived its immunity pursuant to the Foreign Sovereign Immunities Act and **consented to suit exclusively in either the New York State Supreme Court, New York, the United States District Court for the Southern District of New York**, the courts of England that sit in London, or in the courts of Venezuela that sit in Caracas, at the plaintiff's election. *Id.* at ¶ 12. The full document can be found at http://www.sec.gov.

8. Attached hereto as Exhibit F is a true and correct copy of an excerpt of Exhibit 99.16 to the Post-Effective Amendment No. 1 to Registration Statement Under Schedule B of the Securities Act of 1933 filed with the SEC on September 21, 2004. The Exhibit is the Fiscal Agency Agreement Among The Republic of Venezuela, Banco Central De Venezuela and The Chase Manhattan Bank in which **Venezuela waived its immunity pursuant to the Foreign**

**Sovereign Immunities Act and consented to suit exclusively in either the New York State Supreme Court, New York, the United States District Court for the Southern District of New York,** the courts of England that sit in London, or in the courts of Venezuela that sit in Caracas, at the plaintiff's election.  *Id.* at ¶ 14.  The full document can be found at http://www.sec.gov.

9. Attached hereto as Exhibit G is a true and correct copy of the Contrato Free Market Petroleum-MEM dated January 17, 2003 and signed by the then-Minister of Mines, Rafael Ramírez Carreño on behalf of Venezuela's Ministry of Energy and Mining in which the Minister agreed that the contract was to be **governed by New York law and that any disputes would be "settled by arbitration conducted in the English language in the City of New York, NY."** *Id.* at ¶ 19.  The contract can be found at http://www.soberania.org/Documentos/free_market_contrato1.htm.

10. Attached hereto as Exhibit H is a true and correct copy of the Report of Examination of Gus R. Lesnivich, Forensic Document Examiner dated September 19, 2007 containing the handwriting analysis of Rafael Ramírez Carreño.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 12, 2007

_____
JAMES W. PERKINS