# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Compañía del Bajo Caroní (Caromin), C.A., *et al.*,

Plaintiffs,

v.   Case No. 07-CV-3179 (NRB)

Bolivarian Republic of Venezuela, *et al.*,

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARACIÓN SUPLEMENTARIA DE FRANCISCO SALAS

Yo, Francisco Salas, declaro y manifiesto lo siguiente:

1. El 15 de octubre de 2007 tuve la oportunidad de leer el escrito presentado por los Demandantes el 12 de octubre de 2007 y las declaraciones de los Señores Manuel Fernández y Adrián Zerpa León presentados como anexos al mismo, y tuve conocimiento por primera vez de un memorando que yo supuestamente firmé que fue anexado a esas declaraciones.

2. Ratifico en todos sus términos lo expresado en mi declaración de fecha 12 de julio de 2007.

3. Contrariamente a lo manifestado por los Sres. Fernández y Zerpa, en la reunión del 12 de diciembre de 2003 no se discutió el monto de la indemnización por el rescate anticipado, ni el posible incumplimiento por parte del Ministerio, ni el uso de arbitraje, ni una cláusula de jurisdicción. Estoy totalmente en desacuerdo con lo que dice el Sr. Fernández con respecto a que



yo recomendé a las cortes de la cuidad de Nueva York para hacer cumplir las obligaciones. Yo no hice nada de lo mencionado anteriormente, es más, yo no soy abogado y nunca hubiera ofrecido ninguna sugerencia relacionada a cortes exteriores.

4. Manifiesto que en esa reunión yo nunca le dije al Sr. Fernández que estaba de acuerdo con que él preparara un borrador de una propuesta indicando la preferencia de designar a un solo perito avaluador, cuya determinación sería obligatoria y ejecutable en las cortes de los Estados Unidos. Esto simplemente no se discutió.

5. En la reunión del 17 de diciembre de 2003 se firmó el Pliego de Condiciones. Durante esa reunión no se habló de que hubieran puntos adicionales para tratar contrariamente a lo manifestado por los Sres. Fernández y Zerpa. Tampoco manifestó el Sr. Fernández que quería garantizar que las obligaciones pudieran hacerse cumplir en las cortes de los Estados Unidos y mucho menos fue acordado que este tema sería incluido en un tercer documento a ser firmado por el Ministro. Además, al contrario de lo que señala el Sr. Fernández, el Sr. Navas no firmó el Pliego de Condiciones en nombre del Ministerio.

6. Asevero que el Sr. Fernández jamás me entregó un documento titulado "Documento Complementario," ni me mencionó la existencia de un "Documento Complementario" el 17 de diciembre de 2003 ni en ningún otro momento. Como nunca me entregó el documento, yo nunca le dije que lo iba a presentar y reenviarlo al Ministro para su revisión. Además yo jamás le sugerí al Sr. Fernández la posibilidad de seleccionar a la cuidad de Nueva York como foro. Eso no se discutió.

7. Con relación al memorandum sin número y sin fecha supuestamente firmado por mi persona a la "Dra. Julia Van Der Brule", el cual fue presentado por el Sr. Manuel Fernández como "Anexo 4" a su declaración de fecha 12 de octubre de 2007, manifiesto que yo no redacté, ni firmé,

2 -

ni envié ese memorandum. Además, nunca vi ni tuve conocimiento de un documento supuestamente anexado a tal memorando titulado "Documento Complementario al Pliego de Condiciones".

8. Con respecto al contenido del documento, como dije anteriormente yo no soy abogado. Por lo tanto no hubiera podido preparar una opinión con este contenido. Además, del contenido del documento, se puede inferir que fue aparentemente suscrito el 17 de diciembre de 2003, después de la firma del Pliego de Condiciones. Es imposible que un ingeniero como yo hubiera podido redactar un documento de tal naturaleza.

9. Reitero que jamás vi ni tuve conocimiento de un supuesto Addendum al Pliego de Condiciones. Me sorprende que el Sr. Zerpa diga que el supuesto Addendum le fue enviado por mi persona el 19 de diciembre de 2003 a su oficina con una Nota de Remisión con instrucciones de llamar a las compañías para que firmaran el supuesto Addendum. Esto **jamás** ocurrió. Yo no le envié al Sr. Zerpa ningún Addendum porque ese documento simplemente no existió. Por supuesto que tampoco redacté ni envié una nota de remisión con las instrucciones mencionadas anteriormente.

10. Tengo conocimiento personal de la información manifestada en esta Declaración firmada por mi persona. Declaro bajo pena de perjurio bajo las leyes de Venezuela y bajo las leyes de los Estados Unidos y en conformidad con 28 U.S.C. §1746 que lo anterior es verdadero y cierto.

Suscrito el 2 de noviembre de 2007 en la ciudad de Caracas, Venezuela.

_____
Francisco Salas

The LanguageWorks, Inc.
1123 Broadway
New York, NY 10010
Tel. 212 447 6060
Fax 212 447 6257

**Language Works**

STATE OF NEW YORK   )
                                   ) ss
COUNTY OF NEW YORK )

### CERTIFICATION

This is to certify that the accompanying, to the best of my knowledge and belief, is a true and accurate translation into English of the *Salas Supplemental Declaration* completed on 11/19/07, originally written in Spanish.

_____
Gina St. Laurent
Senior Account Executive
The LanguageWorks, Inc.

Sworn to and subscribed before me
This 19th day of November 2007

_____
Notary Public

CHRIS SULLIVAN
Notary Public, State of New York
No. 01SU6146597
Qualified in Kings County
Commission Expires May 22, 2010

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Compañía del Bajo Caroni (Caromin) C.A., *et al.*,

Plaintiffs,

v.     Case No. 07-CV-3179 (NRB)

Bolivarian Republic of Venezuela, *et al.*,

Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTARY DECLARATION OF FRANCISCO SALAS

I, Francisco Salas, do declare and state the following:

1. On October 15, 2007, I had the occasion of reading the brief presented by the plaintiffs on October 12, 2007, and the statements of Messrs. Manuel Fernández and Adrián Zerpa León presented as exhibits thereto, and became aware for the first time of a memorandum that I allegedly signed, and which was appended to those statements.

2. I confirm in its entirety what was said in my statement of July 12, 2007.

3. Contrary to what was stated by Messrs. Fernández and Zerpa, at the meeting of December 12, 2003, the amount of the indemnification for the early redemption was not discussed, nor was there any discussion of a possible noncompliance by the Ministry, or the use of arbitration or a jurisdiction clause. I am in total disagreement with what was stated by Mr. Fernández with respect to my recommending the courts of the City of New York for enforcing the obligations. I did not do any of the

previously mentioned acts, and what is more, I am not an attorney and never would have offered any suggestions with respect to foreign courts.

4.  I declare that at the aforesaid meeting I never told Mr. Fernández that I agreed that he prepare a draft proposal indicating the preference to name a sole valuation expert, whose determination would be mandatory and enforceable in United States courts. That simply was not discussed.

5.  At the meeting of December 17, 2003, the Terms and Conditions was signed. Contrary to what was stated by Messrs. Fernández and Zerpa, during that meeting no additional points were discussed. Neither did Mr. Fernández state that he wanted to guarantee that the obligations could be enforced in the United States courts, and even less was it agreed that this issue would be included in a third document to be signed by the Minister. In addition, and contrary to what Mr. Fernández stated, Mr. Navas did not sign the Terms and Conditions on behalf of the Ministry.

6.  I affirm that Mr. Fernández never delivered to me a document entitled "Complementary Document" or mentioned to me the existence of such a document on December 17, 2003, or at any other time. As he never delivered that document to me, I never told him that it would be forwarded and submitted to the Minister for review. In addition, I never suggested to Mr. Fernández the possibility of selecting the city of New York as a jurisdiction. That was not discussed.

7.  With respect to the unnumbered and undated memorandum [addressed] to "Dr. Julia Van Der Brule" allegedly signed by me, which was presented as "Exhibit 4" to Mr. Fernández' statement of October 12, 2007, I hereby declare that I did not draft or sign or send that memorandum. In addition, I never saw or had knowledge of a document

supposedly attached to said memorandum, and entitled "Complementary Document to the Terms and Conditions".

8.   With respect to the content of the document, as I stated previously, I am not a lawyer. Therefore, I would not have prepared an opinion with such content. In addition, from the contents of the document, one can infer that it was apparently signed on December 17, 2003, after the signing of the Terms and Conditions. It is impossible that an engineer like myself would have been able to formulate a document of such nature.

9.   I repeat that I never saw nor was I ever aware of an alleged Addendum to the Terms and Conditions. I am surprised that Mr. Zerpa said that the alleged Addendum was sent to him at his office by me on December 19, 2003, along with a cover memorandum containing instructions to call the companies so that they would sign the alleged Addendum. This **never** occurred. I did not send Mr. Zerpa any Addendum because that document simply did not exist. And of course, I never wrote or prepared or sent any cover memorandum with the instructions mentioned before.

10.  I have personal knowledge of the information stated in this declaration signed by me. I declare under penalty of perjury under the laws of Venezuela and under the laws of the United States, and in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Signed this 2nd day of November 2007 in the city of Caracas, Venezuela.

[sgd]  Francisco Salas