# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Compañía del Bajo Caroni (Caromin), C.A., *et al.*,

Plaintiffs,

v.                                              Case No. 07-CV-3179 (NRB)

Bolivarian Republic of Venezuela, *et al.*,

Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARACIÓN DE ROSA TORO

Yo, Rosa Toro, declaro y manifiesto lo siguiente:

1. Soy ciudadana de Venezuela, y resido en el estado de Miranda, en Venezuela.

2. En el año 1991 me gradué de la Universidad Santa María donde obtuve el título de abogada. Desde el año 1996, me he desempeñado como abogada en la Consultoría Jurídica del Ministerio de Energía y Minas. Cuando el Ministerio de Energía y Minas se transformó en el año 2005, yo seguí trabajando como abogada en la Consultoría Jurídica del Ministerio de Energía y Petróleo (actualmente Ministerio del Poder Popular para la Energía y Petróleo).

3. El 16 de octubre de 2007, leí las declaraciones de los Señores Manuel Fernández y Adrián Zerpa León presentados como anexos al escrito de los Demandantes

de fecha 12 de octubre de 2007 y tuve la oportunidad de conocer por primera vez un memorando que yo supuestamente firmé que fue anexado a esas declaraciones.

4.   Al contrario de lo que dicen las declaraciones de los Sres. Fernández y Zerpa, quiero señalar que yo no formé parte de ningún supuesto grupo de trabajo ni tampoco asistí a ninguna reunión relacionada con la compañía Caromín el 12 de diciembre de 2003. Yo firmé el Pliego de Condiciones el 17 de diciembre de 2003, pero no participé en ninguna reunión ni revisé ningún otro documento ni antes ni después de esa fecha en relación a este tema.

5.   No es verdad lo que manifiestan los Sres. Fernández y Zerpa en sus declaraciones ya que en la reunión del 17 de diciembre de 2003 no se habló de una supuesta solicitud de parte del Sr. Fernández "de que el pago de las obligaciones podría hacerse cumplir con las cortes de los Estados Unidos en el caso de que el Gobierno de Venezuela no cumpliera con tales obligaciones" y es totalmente falso que se acordó que "estas disposiciones serían dejadas para incluir en un tercer documento, a ser firmado por el Ministro." Tampoco vi que el Sr. Fernández le entregó al Sr. Salas un "Documento Complementario."

6.   Asevero que yo no escribí ni suscribí memorando sin número fechado 18 de diciembre de 2003, supuestamente enviado por mi persona a la "Abg. Julia Van Den Brule" con relación a "OBSERVACIONES AL DOCUMENTO COMPLEMENTARIO (ADDENDUM) DEL PLIEGO DE CONDICIONES (CONCESIONES ALFA Y DELTA)", el cual fue presentado por el Sr. Manuel Fernández, como "Anexo 4" a su declaración de fecha 12 de octubre de 2007, y por el Sr. Adrián Zerpa León, como "Anexo D" a su declaración de fecha 10 de octubre de 2007. Además nunca vi ni tuve

conocimiento de ese memorando ni del documento referenciado y supuestamente anexado a tal memorando como el "documento complementario".

7.  Desconozco totalmente el contenido del memorando mencionado anteriormente que supuestamente fue firmado por mi persona. Yo seguía y sigo los protocolos de jerarquía establecidos en la Consultoría Jurídica. Por lo tanto, es importante dejar claro que yo soy solamente una abogada en la Consultoría, no la Consultora Jurídica (Jefa), y consecuentemente no estoy ni estaba autorizada a enviar una opinión legal con este tipo de contenido a otra división del Ministerio relacionado con un documento para la firma del Ministro. La única persona de la Consultoría que podría enviar una opinión de esta naturaleza al despacho del Ministro o cualquier otra división, era la Consultora Jurídica.

8.  También noto que la supuesta comunicación no contiene el estilo o forma utilizados en el Ministerio para este tipo de documentos. Primero, los memorandos que yo preparo tienen por lo menos tres elementos fundamentales en la parte superior derecha: primero, tienen que decir "memorandum"; segundo, dice "código", lo cual se refiere al número de la comunicación (podría darse que se utilice la abreviación "s/n"), y tercero, tiene una fecha. Al contrario de los memorandos que yo preparo, este memorando no dice "Memorando", y no contiene un lugar donde colocar el código. Además, yo no coloco la ciudad ("Caracas") antes de la fecha. Adicionalmente, hay que incluir en la cabeza del memorando la persona a quien está dirigido (indicado "para"), la persona que lo suscribe (indicado "de") y el asunto de que se trata. En este supuesto memorando, no aparece mi nombre en la cabeza del memorando como la persona enviando la comunicación.

9. Con respecto al contenido del memorando, donde dice que "las sugerencias de forma que previamente fueron conversadas vía telefonics [sic] con usted", manifiesto que yo no conversé nunca con la Dra. Julia Van Den Brule con relación al "documento complementario (Addendum) del Pliego de Condiciones (Concesiones Alfa y Delta)".

10. Asimismo, al contrario de lo que dice el Sr. Fernández en su declaración, manifiesto que yo no llamé o conversé con el Sr. Manuel Fernández el 17 o el 18 de diciembre de 2003, y nunca le avisé que el departamento legal estaba trabajando y haciendo cambios al supuesto "documento complementario." A mi conocimiento, el departamento legal nunca recibió ese documento y nunca realizó ningún cambio al mismo.

11. Tengo conocimiento personal de la información manifestada en esta Declaración firmada por mi persona. Declaro bajo pena de perjurio bajo las leyes de Venezuela y bajo las leyes de los Estados Unidos y en conformidad con 28 U.S.C. §1746 que lo anterior es verdadero y cierto.

Suscrito el 31 de octubre de 2007 en la ciudad de Caracas, Venezuela.

*[signature]*

Rosa Toro

The LanguageWorks, Inc.
1123 Broadway
New York, NY 10010
Tel. 212 447 6060
Fax 212 447 6257

**Language** *Works*

STATE OF NEW YORK   )
                    )   ss
COUNTY OF NEW YORK  )

## CERTIFICATION

This is to certify that the accompanying, to the best of my knowledge and belief, is a true and accurate translation into English of the *Toro Declaration* completed on 11/19/07, originally written in Spanish.

Gina St. Laurent
Senior Account Executive
The LanguageWorks, Inc.

Sworn to and subscribed before me
This 19th day of November 2007

Notary Public

CHRIS SULLIVAN
Notary Public, State of New York
No. 01SU6146597
Qualified in Kings County
Commission Expires May 22, 2010

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Compañía del Bajo Caroni (Caromin) C.A., *et al.*,

Plaintiffs,

v.

Bolivarian Republic of Venezuela, *et al.*,

Defendants.

Case No. 07-CV-3179 (NRB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF ROSA TORO

I, Rosa Toro, do declare and state the following:

1. I am a Venezuelan citizen and reside in the State of Miranda, Venezuela.

2. In 1991, I graduated from the Universidad Santa María, from which I obtained my law degree. Commencing in 1996, I was employed as an attorney in the Office of the General Counsel of the Ministry of Energy and Mines. When the Ministry of Energy and Mines was restructured in 2005, I continued working as an attorney in the Office of the General Counsel of the Ministry of Energy and Petroleum (today, the Ministry of People's Power for Energy and Petroleum).

3. On October 16, 2007, I read the statements of Messrs. Manuel Fernández and Adrián Zerpa León presented as exhibits to the brief of the Plaintiffs dated October 12, 2007, and learned for the first time about a memorandum that I supposedly signed, which was appended to those statements.

4. Contrary to what is stated in the declarations made by Messrs. Fernández and Zerpa, I would like to point out that I was not part of any alleged working group, nor did I attend any meeting related to CAROMIN on December 12, 2003. I signed the Terms and Conditions on December 17, 2003, but did not participate in any meeting or review any other document either before or after that date with respect to that issue.

5. What Messrs. Fernández and Zerpa say in their statements is not true, since at the meeting of December 17, 2003, there was no discussion about an alleged request by Mr. Fernández "to have payment of the obligations enforced by the United States courts in the event that the government of Venezuela did not comply with those obligations," and it is totally false that it was agreed that "these provisions would be included in a third document to be signed by the Minister." Nor did I see Mr. Fernández deliver a "Complementary Document" to Mr. Salas.

6. I affirm that I did not write or sign an unnumbered memorandum dated December 18, 2003, allegedly sent by me to "Abg. Julia Van Den Brule," relative to "OBSERVATIONS TO THE COMPLEMENTARY DOCUMENT (ADDENDUM) TO THE TERMS AND CONDITIONS (ALFA AND DELTA CONCESSIONS)," which was presented by Mr. Manuel Fernández as Exhibit "4" to his statement of October 12, 2007, and by Mr. Adrián Zerpa León as Exhibit "D" to his statement of October 10, 2007. In addition, I never saw or had any knowledge of that memorandum or of the referenced document allegedly appended to the said memorandum as the "complementay document."

7. I totally disavow the aforementioned memorandum that was supposedly signed by me. I followed and continue to follow the hierarchical protocols of the Office

of the General Counsel. Therefore, it is essential that I make it crystal clear that I am only an attorney in the Office of the General Counsel, and not the General Counsel (chief), and consequently, I am not and was never authorized to give a legal opinion with this type of content to another division of the Ministry related to a document for the the Minister's signature. The only person in the Office of the General Counsel who could give an opinion of this nature to the Minister or any other division, would have been the General Counsel.

8. I also note that the alleged communication does not contain the style or form used at the Ministry for these types of documents. First, the memoranda that I prepare have at least three (3) basic elements in the upper right-hand corner: first, they have to say "memorandum"; secondly, the word "code" must appear, which refers to the communication number (the abbreviation "s/n" – unnumbered – can be used), and thirdly, the document must have a date. Unlike the memoranda prepared by me, this memorandum does not say "Memorandum" and does not contain the place where the "code" is to be inserted. Moreover, I do not put the city ("Caracas") before the date. In addition, the heading of the memorandum must show to whom it is addressed (indicated by the word "To"), the name of the person signing it (indicated by the word "From") and the subject of the document. In this alleged memorandum, my name does not appear in the heading of the memorandum as the person who sent it.

9. With respect to the content of the memorandum, where it says "the suggestions regarding form that were previously discussed over the telephone with you", I would like to state that I never had any conversation with Dr. Julia Van Den Brule

relative to the "complementary document (addendum) of the Terms and Conditions (Alfa and Delta concessions)".

10. Similarly, contrary to what Mr. Fernández stated in his declaration, I did not call or converse with Mr. Manuel Fernández on either the 17th or 18th of December 2003, and I never advised him that the legal department was working on and making changes to the alleged "complementary document". To my knowledge, the legal department never received that document and never made any change thereto.

11. I have personal knowledge of the information given in this statement, which is signed by me. I declare under penalty of perjury under the laws of Venezuela and under the laws of the United States, and in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Signed this 31st day of October 2007 in the city of Caracas, Venezuela.


[sgd] Rosa Toro