# EXHIBIT O



REPUBLICA BOLIVARIANA DE VENEZUELA
**MINISTERIO DE ENERGIA Y MINAS**
Despacho del Ministro

## ADDENDUM

Por cuanto, en fecha 17 de diciembre de 2003, este Ministerio de Energía y Minas (MEM) por órgano de la Dirección General de Minas ha suscrito el Pliego de Condiciones con el representante legal de las sociedades mercantiles Compañía Minera del Bajo Caroní (CAROMIN), C.A. y V.M.C Mining Company, C.A. (LAS EMPRESAS), a los fines de darle continuidad al procedimiento administrativo de rescate anticipado; por cuanto, el Pliego de Condiciones anteriormente señalado, no estableció las consecuencias de los posibles incumplimientos a los acuerdos en él contenido por ambas partes, por lo tanto, este Ministerio, actuando en nombre y representación de la República Bolivariana de Venezuela, acuerda lo siguiente:



**PRIMERO:** En caso de existir algún incumplimiento por parte de las empresas arriba señaladas, tales como: a) La iniciación de nuevos juicios en contra de la República Bolivariana de Venezuela, el MEM y/o CVG-EDELCA relacionado al rescate anticipado contenido en la Providencia Administrativa No. 003, de fecha 02 de diciembre de 2003. b) No proporcionar al perito avaluador que sea designado los documentos y data de las concesiones mineras Alfa1, Alfa 2, Alfa 3, Delta A, Delta B, Delta C y Delta D. c) No cumplir con las obligaciones asumidas en el Pliego de Condiciones. Se elige como domicilio especial y excluyente, de cualquier otro, a la ciudad de Caracas, a la jurisdicción de cuyos tribunales se someten ambas partes; así como, la legislación y la ley aplicable será la de la República Bolivariana de Venezuela.

**SEGUNDO:** En caso de incumplimiento por parte del MEM, se elige como domicilio especial y excluyente, de cualquier otro, a la ciudad de Nueva York, estado de Nueva York, Estados Unidos de América, a la jurisdicción de los tribunales del estado de Nueva York y se regirá el proceso por la Ley o estatutos que gobiernen a dicho (s) tribunal (es). Se entiende por incumplimiento del MEM, lo siguiente: a) Contravenir el contenido de la Cláusula Quinta del Pliego de Condiciones. b) No proporcionar al perito que sea designado, permiso de acceso al área de las concesiones mineras. La ley aplicable en este caso, será la de Estados Unidos de América. No obstante lo anterior, las parte acuerdan que la empresas tendrán el derecho de intentar la acción de cobro de dinero en cualquier otro tribunal o corte de los Estados Unidos de América, en cuyo caso la aplicación de la Ley será la de el estado donde este ubicado dicho tribunal. Asimismo, las partes acuerdan que las empresas tendrán el derecho de solicitar y ejecutar medidas precautelativas, precautelares, embargo preventivo, secuestros previos al fallo, ejecución de embargo, ejecución del propio fallo en cualquier otro tribunal diferente a los de la ciudad de Nueva York. Por otra parte el MEM acuerda que cualquier medida preventiva de embargo, secuestro o de naturaleza similar decretada por cualquier tribunal podrá ser ejecutada por cualquier otro tribunal de Jurisdicción competente. Por otra parte, el MEM, reconoce que en la celebración del Pliego de Condiciones

así como en este addendum actúa en nombre y representación de la Republica Bolivariana de Venezuela, por lo que las empresas tendrán derecho de ejecutar las medidas aquí mencionadas contra cualquier activo(s), ingreso(s) o propiedad(es) perteneciente(s) a la Republica Bolivariana de Venezuela que se encuentren ubicado en los Estados Unidos de América. Asimismo las partes acuerdan que en caso de acciones legales en los tribunales de Estados Unidos de América, quedan fuera de la Jurisdicción de dichos tribunales, los activos, de la Republica Bolivariana de Venezuela ubicados dentro de territorio venezolano.

**TERCERO:** Las partes, igualmente acordaron, que bajo ninguna circunstancia los tribunales de Nueva York y/o de los Estados Unidos de América podrán emitir o conocer como materia de juicio aspectos inherentes a la validez del proceso administrativo de rescate anticipado, sólo considerarán aspectos referidos a la indemnización y/o al pago oportuno, o a lo sumo a las consecuencias legales y/o económicas del proceso del rescate anticipado. En tal sentido, el MEM, actuando en nombre y representación de la República Bolivariana de Venezuela, se somete a lo contenido en la Ley sobre la Inmunidad Soberana Extranjera de Estados Unidos de 1976, y bajo ningún respecto utilizará los tribunales venezolanos en caso de incumplimiento de pago, en cuanto a este proceso. Es por ello que, una vez culminado el juicio en contra del MEM, en alguno de los tribunales arriba señalados, la sentencia se podrá hacer cumplir en cualquier otro tribunal o Corte de jurisdicción competente; por lo tanto, el MEM ha acordado renunciar y no demandar excepciones tales como la inmunidad de la jurisdicción, foro no conveniente, contactos mínimos, señalar otro proceso legal o judicial durante el procedimiento por ante tribunales ubicados en la República Bolivariana de Venezuela. Esta renuncia también incluye inmunidad a medidas accesorias, excepciones o defensas de naturaleza similar a medidas precautelativas, precautelares, embargo preventivo, secuestros previos al fallo, ejecución de embargo, ejecución del propio fallo. Asimismo, el MEM se compromete a no iniciar ningún proceso legal en tribunales venezolanos, una vez que las empresas inicien demandas o procesos judiciales de cobro en los tribunales de la ciudad de Nueva York y/o los Estados Unidos de América.



**CUARTO:** Este addendum entrará en vigencia, si a los 24 meses siguientes a la entrega del informe del perito avaluador, el MEM no hubiera cancelado la indemnización integral que llegue a fijar el perito designado por ambas partes. El MEM acuerda en esta cláusula cancelar intereses moratorios a las empresas desde el momento en que el perito escogido por las partes entregue su informe respectivo, siempre que las empresas sean obligadas a iniciar acciones legales de cobro. En caso que el MEM u otro organismo de la Administración Pública cancele el monto indemnizatorio a las empresas, las mismas no podrán reclamar pago de intereses. En caso de acciones legales de cobro por parte de las empresas, el MEM acuerda en cancelar a las mismas la tasa de las del Ocho coma Cinco (8,5%) por ciento anual, a partir del momento de la entrega del informe del perito avaluador, así como también los costos de juicio(s) y los honorarios de abogado a que haya lugar.

**QUINTA:** Las partes acuerdan que los honorarios del perito avaluador que sea

designado conforme al pliego de condiciones serán cancelados por el MEM.

**SEXTA:** Domicilio de las partes: Compañía Minera del Bajo Caroní, (CAROMIN, C.A.) y V.M.C Mining Company, C.A.: Calle Cuenca, Manzana 7, Campo B de Ferrominera, Quinta Analu, Puerto Ordaz, Estado Bolívar, exclusivamente en la persona del Representante Legal de las empresas, Manuel Alfredo Fernández Gonzalo, y en caso de ausencia de éste, en la persona del apoderado judicial de las mismas, abogado Luis Andrés Guerrero Rosales. MEM: Consulado General de la República Bolivariana de Venezuela en Estados Unidos de América, Séptima Avenida con Calle 51 Este, Nueva York, Nueva York 10022. En este caso, el MEM ha designado al Cónsul General de la República Bolivariana de Venezuela en la ciudad de Nueva York, y en caso de ausencia de éste, a cualquier otro oficial de dicho consulado para darse por citado o notificado de cualquier acción o juicio intentado en contra de la República Bolivariana de Venezuela, en cualquier corte estatal o federal en la ciudad de Nueva York y/o de los Estados Unidos de América.

Notifíquese al representante legal de las empresas anteriormente mencionadas, quien deberá firmar al pie en señal de conformidad.

Agréguese a la carpeta separada del expediente administrativo identificado con el número 2084.

En Caracas, a los diecinueve (19) días del mes de diciembre del año dos mil tres (2003).

Ing. RAFAEL RAMÍREZ

Acepto los términos y condiciones arriba señalados
Fecha: 22/12/2003

Entregado por la División de Tramitación Minera 23.12.03