# EXHIBIT Q

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
Compañía del Bajo Caroni (Caromin), C.A., et al., *
                                                 *
                        Plaintiffs,              *
                                                 *
        v.                                       *   Case No. 07-CV-3179 (NRB)
                                                 *
Bolivarian Republic of Venezuela, et al.,        *
                                                 *
                        Defendants.              *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

### DECLARACIÓN SUPLEMENTARIA DE MARTHA ACOSTA

Yo, Martha Acosta, declaro y manifiesto lo siguiente:

1. El 16 de octubre de 2007 tuve la oportunidad de leer el escrito presentado por los Demandantes de fecha 12 de octubre de 2007, y las declaraciones de los Señores Manuel Fernández y Adrián Zerpa presentadas como anexo a ese escrito.

2. Ratifico en todos sus términos lo expresado en mi declaración de fecha 12 de julio de 2007.

3. El 12 de diciembre de 2003 participé en una reunión en la oficina del Señor Director General Francisco Salas. Contrariamente a lo declarado por los Señores Fernández y Zerpa en sus Declaraciones, no se discutió durante esa reunión el método de pago de la indemnización, ni la ejecución y cobro para el pago de la indemnización en caso de

incumplimiento por parte del Ministerio, ni de la cláusula de jurisdicción, ni el uso de bonos, ni el uso de arbitraje y de otros medios de resolución de conflictos.

4. El 17 de diciembre de 2003 yo estuve presente en la reunión donde se firmó el Pliego de Condiciones, y yo firmé este documento. Con respecto a lo sucedido durante esta reunión, lo declarado por el Señor Fernández es totalmente falso ya que en ningún momento se habló que existían "puntos adicionales" que debían ser tratados, ni tampoco se habló en ningún momento que tales "puntos adicionales" debían incluirse en un tercer documento.

5. El Sr. Fernández y el Sr. Zerpa declaran que el 17 de diciembre de 2003, día en que se firmó el Pliego de Condiciones, el Sr. Fernández entregó al Director General Francisco Salas un documento titulado "Documento Complementario" y que el Sr. Fernández mencionó frente a todos los presentes que tal documento contenía la posición de las compañías que el representa sobre ciertas cuestiones de las negociaciones incluyendo, entre otras, la jurisdicción para hacer cumplir el derecho. Quiero manifestar que eso es falso. Yo no vi entregar ningún documento titulado "Documento Complementario" al Sr. Salas, ni tampoco escuché que el Sr. Fernández hiciera algún comentario o solicitud referente a un supuesto documento complementario. Nunca existió un tercer documento. Menos aún se habló de seleccionar a la ciudad de Nueva York como foro en caso de incumplimiento.

6. Con anterioridad al mes de julio de 2007, yo jamás vi ni fui informada de la existencia de un supuesto "Addendum" al Pliego de Condiciones, el cual es presentado por el Sr. Manuel Fernández, como Anexos "2" y "6" a su declaración de fecha 12 de octubre de 2007, y por el Sr. Adrián Zerpa León, como "Anexo B" a su declaración de fecha 10 de octubre de 2007. Además, en todas las ocasiones en las que como Directora de Concesiones Mineras tuve contacto y revisé el expediente del rescate anticipado de las concesiones ALFA y DELTA (durante

diciembre de 2003 y primer semestre de 2004), jamás vi el supuesto "Addendum" al Pliego de Condiciones como parte del expediente. De hecho, nunca vi ese Addendum, ni fuera, ni dentro del expediente.

7. Declaro que jamás vi en el expediente del rescate anticipado de las concesiones mencionadas, ni en los expedientes de las concesiones, comunicaciones o acuerdos entre representantes del Ministerio y abogados relativas al "Addendum" o a cambios propuestos al borrador de un supuesto "Documento Complementario". Lo declarado por los Sres. Fernández y Zerpa es falso, ya que ni el "Addendum" existió, ni el "Documento Complementario" existió, y por lo tanto, tampoco hubo intercambio de correspondencia relativa a estos documentos.

8. Tengo conocimiento personal de la información manifestada en esta Declaración firmada por mi persona. Declaro bajo pena de perjurio bajo las leyes de Venezuela y bajo las leyes de los Estados Unidos y en conformidad con el Título 28 del Código de los Estados Unidos, §1746 que lo anterior es verdadero y cierto.

Suscrito en la ciudad de Caracas, Venezuela, el 20 de noviembre de 2007.

_/s/ Martha Acosta_
Martha Acosta

The LanguageWorks, Inc.
1123 Broadway
New York, NY 10010
Tel. 212 447 6060
Fax 212 447 6257

**Language Works**

STATE OF NEW YORK   )
                    )   ss
COUNTY OF NEW YORK  )

### CERTIFICATION

This is to certify that the accompanying, to the best of my knowledge and belief, is a true and accurate translation into English of the *Acosta Supplemental Declaration* completed on 11/20/07, originally written in Spanish.

*Gina St. Laurent*
Senior Account Executive
The LanguageWorks, Inc.

Sworn to and subscribed before me
This 20th day of November 2007

Notary Public

CHRIS SULLIVAN
Notary Public, State of New York
No. 01SU6146597
Qualified in Kings County
Commission Expires May 22, 2010

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
Compañía del Bajo Caroni (Caromin) C.A., et al., *
                                                *
                    Plaintiffs,                 *
                                                *
        v.                                      *   Case No. 07-CV-3179 (NRB)
                                                *
Bolivarian Republic of Venezuela, et al.,       *
                                                *
                    Defendants.                 *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## SUPPLEMENTARY DECLARATION OF MARTHA ACOSTA

I, Martha Acosta, do declare and state the following:

1.      On October 16, 2007, I had the opportunity of reading the brief presented by the Plaintiffs on October 12, 2007, and the statements of Messrs. Manuel Fernández and Adrián Zerpa presented as an exhibit to the aforementioned brief.

2.      I confirm in its entirety what is declared in my statement dated July 12, 2007.

3.      On December 12, 2003, I participated in a meeting held at the office of Director General Francisco Salas. Contrary to what was stated by Messrs. Fernández and Zerpa in their statements, neither the method for paying compensation nor the enforcement and collection of the indemnity in the event of noncompliance by the Ministry were discussed, nor was there any discussion of the jurisdiction clause, the use of bonds or the use of arbitration and other means of conflict resolution.

4. On December 17, 2003, I was present at the meeting where the Terms and Conditions was signed, and I signed that document. With respect to what occurred during this meeting, what was stated by Mr. Fernández is totally false, since at no time was there any talk about the existence of "additional points" that had to be dealt with, nor was there any talk at any time to the effect that such "additional points" should be included in a third document.

5. Messrs. Fernández and Zerpa stated that on December 17, 2003, the day on which the Terms and Conditions was signed, Mr. Fernández delivered to Director General Francisco Salas a document entitled "Complementary Document", and that Mr. Fernández mentioned to all present that this document contained the position of the companies that he represents on certain questions regarding the negotiations, including, among others, the question of jurisdiction to enforce rights. I wish to state that this is false. I did not see any document entitled "Supplementary Document" be delivered to Mr. Salas, nor did I hear Mr. Fernández make any comment or request relative to an alleged complementary document. A third document never existed, much less, was there any talk about selecting the city of New York as a jurisdiction in the event of noncompliance.

6. Prior to the month of July 2007, I never saw or was informed about the existence of an alleged "Addendum" to the Terms and Conditions, which is presented by Mr. Manuel Fernández as Exhibits "2" and "6" to his statement of October 12, 2007, and by Mr. Adrián Zerpa León as Exhibit "B" to his statement of October 10, 2007. In addition, on all those occasions when as Director of Mining Concessions I had contact with and reviewed the administrative file related to the early redemption of the ALFA

and DELTA concessions (during December 2003 and the first half of 2004), I never saw the alleged "Addendum" to the Terms and Conditions as part of the administrative file. In fact, I never saw that Addendum, either outside or within the administrative file.

7.      I declare that I never saw in the administrative file related to the early redemption of the aforementioned concessions, or in the concession files, any communications or agreements between representatives of the Ministry and attorneys relative to the "Addendum" or to changes proposed to the draft of an alleged "Complementary Document". What is stated by Messrs. Fernández and Zerpa is false, since neither the "Addendum" nor the "Complementary Document" existed, and therefore there was no exchange of correspondence relating to these documents.

8.      I have personal knowledge of the information given in this statement, which is signed by me. I declare under penalty of perjury under the laws of Venezuela and under the laws of the United States, and in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Signed in the city of Caracas, Venezuela on November 20, 2007.


[sgd]  Martha Acosta