# EXHIBIT R

CIUDADANO
MIBAM
Ministro de Industrias Básicas y Minería (MIBAM)
Su Despacho.-



Yo, **LUIS ANDRES GUERRERO ROSALES**, venezolano, mayor de edad, de este domicilio, titular de la Cedula de Identidad Nº 6.816.219, abogado en ejercicio, inscrito en el Instituto de Previsión Social del Abogado bajo el Nº 28.521, actuando en mi carácter de apoderado de la sociedad mercantil "**COMPAÑÍA MINERA DEL BAJO CARONI, CAROMIN, C.A.**", tal como consta en los expedientes administrativos llevados por ese Despacho, ante usted respetuosamente me dirijo a fin de solicitar la reactivación y cumplimiento del pago de la indemnización integral acordada a favor de mi representada según Providencia Administrativa Nro 003 de fecha 02 de diciembre de 2003 y Pliego de Condiciones de fecha 17 de diciembre de 2003.

A mayor abundamiento le informo lo siguiente:

1.- En fecha 2/12/2003 la Dirección General de Minas del Ministerio de Energía y Minas dictó la Providencia Administrativa Nro 003, en virtud de la cual dicho Ministerio reconoció la no existencia de causales de caducidad de las concesiones de explotación de oro y diamantes denominadas ALFA 1, ALFA 2 y ALFA 3, pertenecientes a la empresa CAROMIN C.A.;

2.- LA PROVIDENCIA declaró procedente <u>el rescate anticipado de las concesiones de explotación de oro y diamantes denominadas ALFA 1, ALFA 2 y ALFA 3, pertenecientes a la empresa CAROMIN C.A. en atención al interés público involucrado en la necesaria ejecución del Proyecto Hidroeléctrico Tocoma;</u>

3.- LA PROVIDENCIA estableció que por tratarse de utilidad publica, <u>el rescate anticipado de las concesiones mineras arriba señaladas generó la obligación de determinar y pagar la correspondiente Indemnización Integral al concesionario</u>, ello con fundamento en los artículos 1º de la Ley de Minas, 4, 53 y 61 de la Ley Orgánica de Inversión Privada bajo el Régimen de Concesiones, y por lo que se estableció la necesidad de suscribir con el concesionario un PLIEGO DE CONDICIONES para la determinación de la Indemnización Integral:

4.- En fecha 17/12/2003 el Ministerio de Energía y Minas, a través de la Dirección General de Minas, la Dirección de Concesiones Mineras, el Jefe de la División de Tramitaciones Mineras y la Consultaría Jurídica, suscribieron con la empresa CAROMIN C.A., el referido PLIEGO DE CONDICIONES;

5.- El PLIEGO DE CONDICIONES estableció que el Ministerio de Energía y Minas designaría una firma avaluadora y que la indemnización que dicha firma estableciera tendría carácter definitivo, tal y como se señala en el punto cuarto de dicho pliego;

6.- En fecha 19/01/2004, la Dirección de Concesiones Mineras designó a la firma ABECIR como la empresa avaluadora responsable de fijar la referida Indemnización Integral;

7.- En fecha 30/01/2004 CAROMIN C.A., aceptó la designación propuesta;

8.- En fecha 12/02/2004 la empresa ABECIR aceptó su designación;

9.- En fecha 21/04/2004. ABECIR presentó a la Dirección General de Minas del Ministerio de Energía y Minas, el resultado de la valoración efectuada sobre las concesiones mineras distinguidas como ALFA 1, ALFA 2 y ALFA 3, a fin de fijar la Indemnización correspondiente a CAROMIN C.A.. En dicho informe se concluye que la indemnización Integral alcanza la cantidad de SESENTA Y CINCO MILLONES SETECIENTOS CINCUENTA Y TRES MIL DOSCIENTOS SETENTA Y TRES DOLARES AMERICANOS (U$ 65.753.273,00)

10.- Dado que de acuerdo a lo previsto en el PLIEGO DE CONDICIONES, sería responsabilidad del Ministerio de Energía y Minas, tramitar ante las autoridades competentes el pago de la INDEMNIZACION INTEGRAL acordada, mi representada, CAROMIN C.A., en fecha 12/05/2004, solicitó al Jefe de la División de Tramitaciones Mineras del Ministerio de Energía y Minas que, concluido como había sido el procedimiento administrativo relacionado con la fijación de la INDEMNIZACION INTEGRAL, remitiera el correspondiente expediente administrativo al Ministerio de Finanzas.

11.- En fecha 29/06/2004 se recibió en el despacho del Ministro de Finanzas original del Oficio DTM-124 de fecha 14/05/2004 emanado del Jefe de la División de Tramitaciones Mineras del Ministerio de Energía y Minas, mediante el cual remite a ese Despacho el original del expediente administrativo relacionado con el referido rescate anticipado.

12.- En virtud de no haberse recibido respuesta, en fecha 24/05/2005, mi representada consigno ante el Ministerio de Finanzas copia certificada del expediente y solicitó se procediera a efectuar el pago de la Indemnización Integral, una vez cumplidos los requisitos legales;

13.- Finalmente, mediante Oficio N° ONT 004036 de fecha 05/10/2005, el Ministerio de Finanzas, a través de de Oficina Nacional del Tesoro, señaló que esa Oficina Nacional no tiene competencia sobre los particulares a que se refiere la comunicación enviada de acuerdo con el punto 12, puesto que el PLIEGO DE CONDICIONES establece que será el Ministerio de Energía y Minas quien inicie los tramites para el pago de la INDEMNIZACION INTEGRAL, y señala *"que es necesario oficiar al Ministerio de Energía y Minas para que realicen los tramites conducentes para el pago de la referida Indemnización"*.

Con vista de lo acá narrado, y en virtud que los efectos jurídicos de la PROVIDENCIA ADMINISTRATIVA Nº 003 son actos definitivamente firmes, vale decir, actos que han causado estado, respetuosamente solicito a ese Despacho, cumpla con los pasos internos correspondientes a fin de que reenvié el expediente en cuestión al Ministerio de Finanzas y a la Oficina Nacional del Tesoro con la correspondiente Orden de Pago, para que sea pagada a mi mandante la referida Indemnización Integral.

Finalmente, solicito copia certificada del Expediente contentivo de las actuaciones antes señaladas.

En Caracas a los 05 días del mes de diciembre de 2006.

*[firma]*
LUIS ANDRES GUERRERO ROSALES
APODERADO
COMPAÑÍA MINERA DEL BAJO CARONI ( CAROMIN C.A.)

Anexo: -   Poder
      -   Providencia Administrativa N° 3
      -   Oficio N° ONT 004036



C.C.: Dra. Laura Paredes (Dirección General de Concesiones Mineras)

The LanguageWorks, Inc.
1123 Broadway
New York, NY 10010
Tel. 212 447 6060
Fax 212 447 6257

**Language Works**

STATE OF NEW YORK    )
                     )   ss
COUNTY OF NEW YORK   )

## CERTIFICATION

This is to certify that the accompanying, to the best of my knowledge and belief, is a true and accurate translation into English of the *L. Guerrero Letter December 2006* completed on 11/19/07, originally written in Spanish.

_____
Gina St. Laurent
Senior Account Executive
The LanguageWorks, Inc.

Sworn to and subscribed before me
This 19th day of November 2007

_____
Notary Public

CHRIS SULLIVAN
Notary Public, State of New York
No. 01SU6146597
Qualified in Kings County
Commission Expires May 22, 2010

```
RECEIVED
BOLIVARIAN REPUBLIC OF VENEZUELA
MINISTRY OF BASIC INDUSTRIES AND MINING
DEC. 05, 2006
RECEIVED BY: [ILLEGIBLE SIGNATURE]
TIME: 4:21 A.M.
CORRESPONDENCE OFFICE
```

MIBAM
*[illegible]*

Ministry of Basic Industries and Mining (MIBAM)
His office.-

I, **LUIS ANDRES GUERRERO ROSALES,** Venezuelan, of legal age, residing in this city, holder of I.D. No. 6,816,219, a practicing attorney, registered with the Venezuelan Bar Association at No. 28,521, acting in my capacity as the attorney-in-fact for the company "**COMPAÑÍA MINERA DEL BAJO CARONI, CAROMIN, C.A.,**" as is shown by the administrative files maintained by this Office, respectfully appear before you in order to request the reactivation and compliance with payment of the full compensation approved in favor of my principal per Administrative Order No. 003 dated December 2, 2003 and the Terms and Conditions dated December 17, 2003.

Furthermore, please be informed of the following:

1.      On December 2, 2003, the Office of Mines of the Ministry of Energy and Mines issued Administrative Order No. 003 in virtue of which said Ministry acknowledged that there exist no grounds for the expiration of the concessions for exploitation of gold and diamonds referred to as ALFA 1, ALFA 2 and ALFA 3, belonging to the company CAROMIN, C.A.;

2.      The ORDER declared proper <u>the early redemption of the concessions for the exploitation of gold and diamonds referred to as Alfa 1, Alfa 2 and Alfa 3, belonging to the company CAROMIN C.A., in accordance with the public interest involved in the necessary implementation of the Tocoma Hydroelectric Project;</u>

3.      The ORDER established that since this was a matter of public utility, <u>the early redemption of the aforementioned mining concessions incurred the obligation of determining and paying the corresponding Full Compensation to the concession holder,</u> based on Article 1 of the Mines Act, Articles 4, 53 and 61 of the Private Investment Act under the Concessions Regime, and therefore the need to execute, together with the concession holder, TERMS AND CONDITIONS for determination of the Full Compensation;

4.      On December 17, 2003, the Ministry of Energy and Mines, through the Office of Mines, the Bureau of Mining Concessions, the Head of the Division of Mining Applications and the General Counsel's Office, executed the referenced TERMS AND CONDITIONS with CAROMIN C.A.;

5.      The TERMS AND CONDITIONS established that the Ministry of Energy and Mines would select a valuation firm and that the compensation that said firm determined would be final, as is indicated in Item Four of said Terms and Conditions document;

6.      On January 19, 2004, the Bureau of Mining Concessions selected the firm ABECIR as the valuation firm responsible for determining the Full Compensation amount;

7.      On January 30, 2004, CAROMIN C.A. accepted the proposed selection;

8.      On February 12, 2004, ABECIR accepted its selection;

9.      On April 21, 2004, ABECIR presented the results of the valuation carried out on the mining concessions referred to as ALFA 1, ALFA 2 and ALFA 3 to the Bureau of Mines of the Ministry of Energy and Mines, in order to establish the Compensation owed to CAROMIN C.A. Said report concluded that the Full Compensation totaled SIXTY-FIVE MILLION, SEVEN HUNDRED FIFTY-THREE THOUSAND, TWO HUNDRED SEVENTY-THREE UNITED STATES DOLLARS (USD 65,753,273.00);

10.     Given that based on the provisions of the TERMS AND CONDITIONS it would be the responsibility of the Ministry of Energy and Mines to process the payment of the agreed-upon FULL COMPENSATION to the competent authorities, my principal, CAROMIN C.A., on May 12, 2004, requested that the Head of the Division of Mining Applications of the Ministry of Energy and Mines submit the corresponding administrative file to the Ministry of Finance, since the administrative proceeding related to the determination of the FULL COMPENSATION had been completed;

11.     On June 29, 2004, the office of the Minister of Finance received the original of Official Letter DTM-124 dated May 14, 2004 issued by the Head of the Division of Mining Applications of the Ministry of Energy and Mines, whereby that Office was sent the original copy of the administrative file related to the referenced early redemption;

12.     By virtue of having received no response, on May 24, 2005, my principal submitted to the Ministry of Finance a certified copy of the administrative file and requested that payment of the Full Compensation be made, once the corresponding legal requirements had been fulfilled;

13.     Lastly, by Official Letter No. ONT 004036 dated October 5, 2005, the Ministry of Finance, through the National Office of the Treasury, indicated that the National Office had no jurisdiction regarding the particular details referenced in the memo sent per Item 12, since the TERMS AND CONDITIONS specified that it is the Ministry of Energy and Mines that must initiate the procedure for payment of the FULL COMPENSATION, and noted *"that it is necessary to notify the Ministry of Energy and Mines to carry out the procedures related to the payment of the referenced Compensation."*

Therefore, and by virtue of the fact that the legal effects of ADMINISTRATIVE ORDER No. 003 are definitively firm actions, i.e. actions that have become final, I respectfully request that your Office carry out the internal procedures necessary in order to re-submit the file in question to the Ministry of Finance and the National Treasury Office with the corresponding Payment Order, so that my principal may be paid the referenced Full Compensation.

Lastly, I request a certified copy of the Administrative File containing the documents described above.

In Caracas, on December 5, 2006.

*[illegible signature]*
**LUIS ANDRES GUERRERO ROSALES**
**ATTORNEY-IN-FACT**
**COMPAÑÍA MINERA DEL BAJO CARONI (CAROMIN C.A.)**


Enclosures:       - Power of Attorney
                  - Administrative Order No. 3
                  - Official Notice No. ONT 004036

*[illegible fee stamp appears]*

cc: Dr. Laura Paredes (Office of Mining Concessions)