**FOLEY**
**HOAG** LLP
ATTORNEYS AT LAW

Paul S. Reichler
Washington, DC Office
202.223.1200
preichler@foleyhoag.com

January 15, 2008

JAN 16 2008

Honorable Naomi Reice Buchwald
United States District Judge
U.S. District Court for the Southern
District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/08

Re: Compañia del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela - Case No. 07 CV 3179 (NRB)

Dear Judge Buchwald:

In light of Plaintiffs' counsel's Motion to Withdraw as Counsel, filed on January 4, and your Honor's Order of January 7, granting the Motion, we write on behalf of Defendants to advise the Court that we wish to withdraw our request for oral argument on Defendants' pending Motion to Dismiss the Complaint.

We are grateful to Your Honor for granting our request for oral argument on the Motion to Dismiss, and for fixing the date for January 24. However, in light of the developments noted above, we no longer believe oral argument is needed and we do not wish to take up the Court's time unnecessarily.

Plaintiffs' counsel's withdrawal from the case reflects their recognition that their clients' case is untenable because the document on which jurisdiction is purportedly founded – the so-called "Addendum" of December 19, 2003 – is a fake. Their decision to withdraw from the case followed closely upon the submission of Defendants' Reply Memorandum on November 20, and the Court's action on January 2, fixing the date for oral argument. Plainly, Plaintiffs' counsel determined that they could no longer argue to the Court, orally or in writing, that the so-called "Addendum" is an authentic document.

While we are not familiar with all of Plaintiffs' now-former counsel, we do know the lawyers from Greenberg Traurig, Messrs. Schneebaum and Perkins, who are highly ethical individuals as well as outstanding attorneys. Accordingly, we are not surprised that, after receiving and reviewing our Reply Memorandum and the evidence attached thereto, they concluded that they could no longer serve as advocates for Plaintiffs in this case.

*[Handwritten margin note:] Application granted. So ordered. Naomi Reice Buchwald, USDJ 1/18/08*

1875 K Street, NW / Suite 800 / Washington, DC 20006-1238 / TEL. 202.223.1200 / FAX. 202.785.6687
Foley Hoag LLP        BOSTON         WASHINGTON, DC         www.foleyhoag.com

Honorable Naomi Reice Buchwald
January 15, 2008
Page 2

In the Reply Memorandum, as the Court will recall, we demonstrated that the so-called "Addendum" was a fabrication and a forgery, and that it could never be authenticated by Plaintiffs or relied on by the Court, because, *inter alia*:

1. The document submitted by Plaintiffs is a photocopy, and the signature is likewise a photocopy. (Reply, p. 1)

2. The purported signer of the document, Minister of Energy and Mines Rafael Ramírez, has submitted sworn testimony that he did not sign it (or any other document resembling it). (Reply, p. 2)

3. Plaintiffs have produced no witnesses who claim that they saw the Minister sign the document. (Reply pp. 1, 8-9)

4. Minister Ramírez *could not possibly have signed the document* because he was not in Venezuela at the time Plaintiffs falsely allege that he signed it in his office in Caracas. (Reply pp. 1-3)

5. Plaintiffs have submitted two markedly different versions of the document, both of which they claim to be the sole photocopy that they received from the Ministry of Energy and Mines. (Reply pp. 3-4)

6. One of Plaintiffs' versions of the document is in color, even though it is uncontroverted that no color photocopies were made. (Reply p. 4)

7. Testimony from expert document examiners and handwriting specialists – with decades of law enforcement experience – establishes that the signature page has misalignments and other anomalies consistent with a cut-and-paste job, and that the Minister's signature was likely photocopied from a different document and transferred to the one that Plaintiffs submitted to the Court. (Reply, pp. 5-6, 8)

8. Plaintiffs' own handwriting expert concedes that he cannot explain how the Minister's signature came to be placed on the document in question, and that it could have been photocopied from another document and pasted onto the one submitted to the Court. (Reply p. 6)

9. As Plaintiffs themselves acknowledged, without the so-called "Addendum" there can be no claim that Defendants have waived their sovereign immunity, and the Complaint must be dismissed under the Foreign Sovereign Immunities Act. (Reply, p.10; Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, p. 23).

Honorable Naomi Reice Buchwald
January 15, 2008
Page 3

Based on the foregoing, we believe oral argument is now unnecessary, and we hereby withdraw our request for it. Of course, if the Court disagrees and feels that oral argument would be helpful, we will gladly appear as currently scheduled (on January 24).

Because the Court's Order of January 7 states that this matter has been "fully submitted," the withdrawal of our request for oral argument now makes the pending Motion to Dismiss ripe for decision. We respectfully request that a ruling be issued soon, so that these sovereign Defendants may be spared a lengthy period of uncertainty as to their status before the Court.

We thank the Court as for its attention to this matter.

Respectfully,

Paul S. Reichler
Ronald E.M. Goodman
Janis H. Brennan
*Counsel to Defendants*

cc: Manuel Fernández
 Compañía Del Bajo Caroni (Caromin), C.A.,
 Calle Cuenca, Manzana 7, Campo B de Ferrominera
 Quinta Analú, Puerto Ordaz, Estado Bolívar Venezuela

 V.M.C. Mining Company, C.A.,
 Calle Cuenca, Manzana 7, Campo B de Ferrominera
 Quinta Analú, Puerto Ordaz, Estado Bolívar Venezuela