```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

COMPANIA DEL BAJO CARONI (CAROMIN)
AND V.M.C. MINING COMPANY, C.A.,   :

                Plaintiffs,        :      O R D E R

     - against -                   :      07 Civ. 3179 (NRB)

BOLIVARIAN REPUBLIC OF VENEZUELA,  :
AND MINISTRY OF BASIC INDUSTRIES
AND MINES,                         :

                Defendants.        :

-----------------------------------x
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs filed this action against the Bolivarian Republic of Venezuela and its Ministry of Basic Industry and Mines for their alleged refusal to compensate the plaintiffs for the early redemption of mining concessions granted by the Ministry. As with any suit against a foreign country, the threshold issue is whether the doctrine of sovereign immunity applies to bar the action. At the very outset of this case, on July 27, 2007, the defendants filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the plaintiffs had failed to establish the authenticity of the signature of Minister Rafael Ramirez on the document upon which the plaintiffs rely to support a waiver of sovereign immunity from suit in the courts of the United States. Since the defendants had filed the motion in contravention of this

1

Court's individual practices, which require a pre-motion conference, a conference was held on August 22, 2007 to address the issues raised by the defendants' motion. At that conference there was a full discussion of issues raised by the motion and, recognizing the accompanying practical evidentiary hurdles, this Court authorized limited discovery on the authenticity of Minister Ramirez's signature on the "waiver" document and directed the parties to submit expert reports and affidavits from lay witnesses in support of any further submissions on the motion to dismiss.

In accordance with the understandings reached at the conference, the plaintiffs' opposition papers included an expert report concluding that the signature on the waiver belongs to Minister Ramirez. As anticipated, the defendants' reply papers included an expert report concluding that Minister Ramirez did not sign the document because the signature, though it may belong to Mr. Ramirez, was photocopied from another document and transplanted onto the waiver. The defendants foreshadowed the substance of their expert report at the August 22 conference when they represented to the Court that an expert on signature analysis could not conclusively establish that Minister Ramirez signed the waiver because the document relied upon by the plaintiffs was a photocopy and not an original.

The motion was fully briefed as of November 20, 2007. Thereafter, on January 4, 2008, Greenberg Traurig, LLP and Colson

Hicks Eidson sought leave to withdraw as attorneys for the plaintiffs. On January 8, the Court issued an order granting the motion to withdraw on the condition that the defendants' pending motion to dismiss would be treated as fully submitted and oral argument would either proceed as scheduled for January 24, 2008, or, if plaintiffs had not retained counsel by the scheduled time for argument, canceled. Put simply, while we had no desire to interfere with the plaintiffs' representation, our order made clear that plaintiffs desire to substitute counsel was not going to interfere with the timing of the Court's ruling on a motion that was pending and ripe for resolution.

In contravention of our January 8, 2008 Order, newly-retained counsel for the plaintiffs filed a letter brief on February 7, 2008 seeking (i) oral argument on the motion to dismiss, and (ii) leave to file a surreply that includes a rebuttal expert report addressing the defendants' contention that Minister Ramirez's signature on the waiver of sovereign immunity is a photocopy lifted from another document. These requests represent a total change in the plaintiffs' litigation posture and, moreover, are made over eight weeks after the date the defendants filed their reply brief to seek leave to file a surreply. However, it is not only the dilatory nature of the request that is the basis for our denial, but it is also because plaintiffs are trying to take advantage of a change of counsel to take a second bite at the proverbial apple.

3

The fact is that the defendants' reply papers have not raised any new or unforeseeable arguments because (i) the plaintiffs have been on notice of the fact that the authenticity of Minister Ramirez's signature lies at the heart of this case since the defendants' motion was filed in July, 2007; (ii) the plaintiffs could have easily anticipated the scope of the arguments in the reply papers from the issues aired at the August 22 conference; and (iii) the plaintiffs' opposition and defendants' reply are both directed to the same subject matter – the authenticity of the signature on the waiver document – and merely offer alternative versions of how Minister Ramirez's signature was placed on that document.

In conclusion, plaintiffs' requests for oral argument and leave to file a surreply are denied as unwarranted and in violation of the conditions of granting the plaintiffs' motion to substitute counsel. A change of counsel is not a sufficient or independent reason to alter a fully aired and agreed upon schedule to resolve a motion made many months ago.

DATED:   New York, New York
         February 25, 2008

                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

Counsel for the Plaintiffs:
Nathan Schwed, Esq.
Yoav M. Griver, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

Counsel for the Defendants:
Kenneth S. Leonetti, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Geraldine R. Fischer, Esq.
Ronald E.M. Goodman, Esq.
Foley Hoag LLP
1875 K Street, NW
Washington, DC 20006