**MANDATE**

07 cv 3179 (nre)

08-2706-cv

Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___SEP 0 9 2009___

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand nine.

PRESENT:   REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                     *Circuit Judges,*
           EDWARD R. KORMAN,
                     *District Judge.* •

UNITED STATES COURT OF APPEALS
FILED
SEP - 1 2009
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

-----------------------------------------

COMPANIA DEL BAJO CARONI (CAROMIN), C.A.,
Calle Cuenca, Manzana 7, Campo B Ferrominer Quinta
Analu, Puerto Ordaz, Estado Bolivar Venezuela and
V.M.C. MINING COMPANY, C.A., Calle Cuenca,
Manzana 7, Campo B de Ferrominera Quinta Analu,
Puerto Ordaz, Estado Bolivar Venezuela,
                     *Plaintiffs-Appellants,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, c/o
Consulate General of Venezuela and MINISTRY OF
BASIC INDUSTRIES AND MINES, c/o Consulate
General of Venezuela,
                     *Defendants-Appellees.*

-----------------------------------------

**AMENDED**
No. 08-2706-cv

-----------------------------------------

• District Judge Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

APPEARING FOR APPELLANTS:    NATHAN SCHWED (Yoav M. Griver, *on the brief*), Zeichner Ellman & Krause LLP, New York, New York.

APPEARING FOR APPELLEES:    RONALD E.M. GOODMAN (Paul S. Reichler, Janis H. Brennan, Ara B. Gershengorn, *on the brief*), Foley Hoag LLP, Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Naomi Reice Buchwald, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on May 1, 2008, is AFFIRMED.

Plaintiffs appeal the dismissal of their action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1330, 1602-1611.  "The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and de novo for legal conclusions." In re Terrorist Attacks on Sept. 11, 2001, 538 F.3d 71, 79 (2d Cir. 2008) (internal quotation marks omitted).  Where, as here, a plaintiff challenges a district court's denial of jurisdictional discovery, our standard of review is abuse of discretion. Id.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.   Denial of Discovery

Plaintiffs' contention that they were improperly denied "focused discovery" of jurisdictional facts, Appellants' Br. at 37, is lacking in merit.  The district court denied

2

plaintiffs' discovery request because, <u>inter alia</u>, plaintiffs failed to identify "specific facts or statements that [they] could challenge through additional jurisdictional discovery." <u>Compania Del Bajo Caroni (Caromin) v. Bolivarian Republic of Venezuela</u> (<u>Caromin v. Venezuela</u>), 556 F. Supp. 2d 272, 282-83 (S.D.N.Y. 2008). This decision fell within the district court's discretion and was consistent with the rule that "in the FSIA context, discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." <u>EM Ltd. v. Republic of Argentina</u>, 473 F.3d 463, 486 (2d Cir. 2007) (internal quotation marks omitted).

     2.    <u>Denial of Rebuttal</u>

Plaintiffs further complain that the district court unfairly refused to afford them an opportunity to rebut – in writing or orally – arguments and factual allegations asserted by defendants for the first time on reply. A district court enjoys broad discretion (1) to consider arguments made for the first time in a reply brief, <u>see</u> <u>Ruggiero v. Warner-Lambert Co.</u>, 424 F.3d 249, 252 (2d Cir. 2005); (2) to rely on evidence submitted with the reply papers, <u>see id.</u>; and (3) to decide dispositive motions on written submissions without oral argument, <u>see</u> <u>Dotson v. Griesa</u>, 398 F.3d 156, 159 (2d Cir. 2005); <u>AD/SAT, Div. of Skylight, Inc. v. Associated Press</u>, 181 F.3d 216, 226 (2d Cir. 1999). We identify no abuse of discretion here.

First, the district court did not err by refusing to allow plaintiffs to submit papers rebutting arguments and evidence presented in defendants' reply papers. The general theory raised in those papers, that Minister Ramirez's purported signature on the alleged waiver was

3

a forgery created through mechanical fabrication, was indisputably known to plaintiffs. As the district court explained, "[g]iven that the central question from the outset was the authenticity of a signature on a duplicate document, the possibility of 'mechanical fabrication' lay at the forefront of the instant controversy." Caromin v. Venezuela, 556 F. Supp. 2d at 283 n.40. Indeed, the district court "raised this precise concern at [an] August 22, 2007 conference." Id. Moreover, after defendants' reply papers were filed on November 20, 2007, plaintiffs did nothing for more than a month. When they eventually did act on January 4, 2008, it was merely to request that the district court grant leave for their counsel to withdraw without any mention of any difficulty with the reply papers. The district court granted this request almost immediately, but only "on condition that[, inter alia,] the pending motion to dismiss is treated as fully submitted." Caromin v. Venezuela, No. 07 Civ. 3179, Order at 1-2 (S.D.N.Y. January 7, 2008) ("Jan. 7 Order"). Plaintiffs' first complaint regarding the content of defendants' reply papers did not occur until February 5, 2008, roughly two-and-a-half months after defendants submitted the offending papers. Under these circumstances, the district court's actions did not amount to an abuse of discretion.

Second, the district court did not deny plaintiffs an opportunity to respond orally to defendants' arguments. Rather, plaintiffs forfeited argument by their own actions. The motion to dismiss was fully submitted and oral argument scheduled for January 24, 2008, when plaintiffs discharged their counsel and sought an adjournment of argument. As

4

previously noted, the district court granted plaintiffs' discharged counsel's leave to withdraw, but only "on condition that the pending motion to dismiss is treated as fully submitted and that oral argument will proceed as scheduled (unless if plaintiffs are unrepresented on [that day], it will be cancelled)." Jan. 7 Order at 1-2. Consistent with this order, no oral argument was held on January 24, 2008, because new counsel for plaintiffs did not file a notice of appearance until February 5, 2008. When, on that date, counsel requested an extension of time to prepare for the oral argument (that had already been cancelled), the district court acted within its discretion in denying the application "as unwarranted and in violation of the conditions of granting the plaintiffs' motion to substitute counsel." February 25 Order at 4.

### 3.  Destruction of Records

Plaintiffs contend that the district court erred in failing to draw an adverse inference against defendants for the loss or destruction of original records. Plaintiffs, however, did not raise this argument before the district court. Accordingly, we will not consider it on appeal. See In re Nortel Networks Corp. Secs. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

### 4.  Assignment of Burden

Plaintiffs argue that the district court erred "by placing upon Caromin the burden of proving beyond all doubt the genuineness of the documents." Appellants' Br. at 44 (internal quotation marks omitted). This argument misunderstands the district court's opinion, which states clearly that while plaintiffs met "their burden of production on the waiver issue, . . .

5

defendants have succeeded in establishing, by a preponderance of the evidence, the lack of a genuine and authentic waiver of sovereign immunity." <u>Caromin v. Venezuela</u>, 556 F. Supp. 2d at 278. The district court's thorough opinion unmistakably indicates that it did not improperly shift the burden of persuasion to plaintiffs, but rather considered the "totality of the evidence presented" and concluded that it was "more probable than not" that Minister Ramirez did not execute a waiver of sovereign immunity. <u>Id.</u> at 281.

     5.     <u>Failure to Hold Evidentiary Hearing</u>

Finally, plaintiffs submit that the district court erred by resolving disputed issues of fact without holding an evidentiary hearing. The decision to hold an evidentiary hearing, however, is ordinarily left to the discretion of the district court. <u>See</u> <u>Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi</u>, 215 F.3d 247, 253 (2d Cir. 2000). Moreover, plaintiffs failed to request an evidentiary hearing from the district court. As a result, we need not consider this argument on appeal. <u>See</u> <u>In re Nortel Networks</u>, 539 F.3d at 2.

We have considered plaintiffs' other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

               FOR THE COURT:
               CATHERINE O'HAGAN WOLFE, Clerk of Court

       By:

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by
DEPUTY CLERK